# Lupton & Co. *versus* Moore, Defendant, and Riley, Garnishee.

1. Where the garnishee in an attachment execution files answers to interrogatories and also enters a plea admitting that he holds in his hands a sum due the defendant upon a certain condition, neither the defendant nor the garnishee can, on the trial of the issue joined, defeat a recovery by the plaintiff by reason of the alleged defective service of the attachment on the garnishee.

2. Whether, where a sheriff fails to serve an attachment execution on a garnishee personally and also fails to take actual possession of the goods attached, the return will be set aside on the prompt application of the garnishee, not decided.

October 13th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

ERROR to the Court of Common Pleas, No. 2, of *Allegheny county:* Of October and November Term 1882, No. 143.

Attachment execution, wherein W. B. Lupton & Co. were plaintiffs, John F. Moore, defendant, and J. H. Riley, garnishee.

The facts of the case were as follows: On October 14th 1879, the attachment execution in question was issued, to which the sheriff made the following return:

"Executed October 14th 1879, by leaving a true and attested copy of the within writ at the residence of J. H. Riley with an

[Lupton *v.* Moore.]

adult member of his family, and by summoning J. H. Riley as garnishee, and November 3d 1879, by delivering a like copy to John F. Moore, and by making known to him the contents thereof."

On August 28th 1880, the defendant obtained a rule on the sheriff, the plaintiffs and the garnishee to show cause why the sheriff's return should not be set aside. On October 28th 1880 the rule was discharged without prejudice to the right either of defendant or garnishee to raise the question thereafter.

Interrogatories were then filed, to which the garnishee responded that he had in his hands $276.07, which he owed to defendant, but that this was conditioned on the satisfaction by defendant of a mechanic's lien held by him against his property. Subsequently said garnishee filed as a plea the matter set forth in his answer to the interrogatories.

On the trial, the jury under the instructions of the court rendered the following special verdict: "We do find that on the 14th day of October, A. D. 1879, when the writ of attachment herein was served on the garnishee, Riley, he was indebted to the defendant in the sum of $276.47 for a balance due for building a house, for which a mechanic's lien was filed at No. 13, October Term 1880, and that the said writ was served on said Riley by leaving a true and attested copy thereof at his residence, with an adult member of his family, and by summoning him as garnishee (see sheriff's return); but the sheriff did not otherwise attach any money, goods or effects in his hands; and if the court be of opinion that the said sum was attached legally, then they find for the plaintiffs and against the said Riley; that there was attached in the hands of the said Riley the said sum of $276.47; otherwise, they find for the said Riley and against the plaintiffs; and they do further find as against the defendant and for the plaintiffs, the sum of $158.91, being debt, interests and costs upon their judgment in said writ recited."

Subsequently the court entered judgment for the defendant non obstante veredicto on the ground that the attachment had not been properly served. Plaintiffs thereupon took this writ, assigning for error the action of the court in entering judgment for defendant non obstante veredicto.

*J. H. White,* for the plaintiff in error.—The defendant has no standing to impeach the service upon the garnishee: McCormac *v.* Hancock, 2 Barr 311. The plaintiffs stand in the shoes of defendant. He has no equity against them: 10 Casey 300.

It has been the practice in this county and other portions of the State, to serve writs of attachment execution as done in this

[Lupton *v.* Moore.]

·case, ever since the law was passed. Courts will not interfere with such interpretation unless clearly at variance with the statute: Morgan *v.* Watmough, 5 Whart. 125; Penna. R. R. Co. *v.* Pennock, 1 P. F. S. 252. Payment of debts by attachment process ought to be encouraged: Childs *v.* Digby, 12 Harris 26. It is a familiar principle that actual appearance is a waiver of defects in the process and the service of it: Skidmore et al. *v.* Bradford, 4 Barr 300. Going to trial on nulla bona waives any question as to form of the writ or fact of service: Neely *v.* Grantham, 8 P. F. S. 438.

*John G. Bryant,* for defendant Moore.—The service of the attachment was clearly not in conformity with the statute, and was defective: Hayes *v.* Gillespie, 11 Casey 155; Lambert *v.* Challis, 11 Casey 156; Penna. R. R. Co. *v.* Pennock, 1 P. F. S. 244. The custom alleged was not general, and was therefore ineffectual to alter the requirements of the statute: Commonwealth *v.* Mayloy, 7 P. F. S. 291.

According to the form approved in Layman *v.* Beam, 6 Wharton 181, it is part of the judgment for the plaintiff upon attachment in execution, that the garnishee be discharged as against the defendant "for the sum so attached and levied." As there can be no adjudication against the defendant without hearing, he must have a standing to be heard. If a proper judgment be entered at the instance of one having no standing, this court cannot reverse it: Eby *v.* Guest, 13 Norris 160.

Mr. Justice MERCUR delivered the opinion of the court, November 20th 1882.

This suit was commenced by attachment execution. It issued on a judgment in favor of the plaintiffs, against Moore, with scire facias against Riley as garnishee. The special verdict found Riley was indebted to Moore in the sum of $276.47 for a balance due for building a house, and that there was due from the defendant Moore, on the judgment, to the plaintiffs, the sum of $158.91. If there was nothing else in the case the plaintiffs were clearly entitled to judgment on the verdict for the amount due them. The verdict further found the manner in which the writ was served on the garnishee. The court, thinking that service insufficient, notwithstanding the verdict, entered the judgment in favor of the garnishee non obstante veredicto. The writ was served by the sheriff on the 14th October 1879 by leaving a true and attested copy thereof at the residence of J. H. Riley with an adult member of his family, and by summoning him as garnishee. It was duly and personally served on Moore. The sheriff did not otherwise attach

[Lupton *v.* Moore.]

any money, goods or effects in his hands than by the service stated and the command of the writ.

It is claimed, inasmuch as there was no personal service on the garnishee, and the sheriff took no actual possession of any property, that the service was so defective as not to sustain a verdict in favor of the plaintiffs. It is not necessary to decide whether the service on the garnishee might not have been held insufficient in case he had moved, at the proper time, to set aside the sheriff's return. He made no such motion. On the contrary, he appeared generally by attorney. That appearance stands on the record unchallenged. It is a well recognized rule that actual appearance is a waiver of defects in the service of process: Skidmore *v.* Bradford, 4 Barr 300; Lorenz's Administrators *v.* King, 2 Wright 93. In answer to interrogatories he denied having any goods, moneys or credits in his hands in which the defendant had an interest, but admitted his indebtedness to the defendant in the sum of $276.07, in such language that it would have justified the entry of a judgment against him. In his plea he averred the facts set forth in his answers. At no time before verdict, does the record show that the garnishee made any objection to the service on him.

On the 28th August 1880 the defendant obtained a rule on the sheriff, the plaintiffs, and the garnishee to show cause why the sheriff's return should not be set aside. In October following the rule was discharged without prejudice to either the defendant or the garnishee. There is no assignment of error to the discharge of that rule. The defendant was heard, and the jury passed upon the amount of his indebtedness to the plaintiffs. The appearance of the garnishee was a matter beyond the control of the defendant. Neither he nor the garnishee can on a trial of the issue joined defeat a recovery by the plaintiffs, by reason of the service made in this case; therefore—

> Judgment reversed, and judgment in favor of the plaintiffs against J. H. Riley, garnishee of John H. Moore, for $158.91, with interest thereon from the 14th October 1879, and on payment thereof the said Riley shall be discharged from that amount of his indebtedness to said Moore.