## GEO. WISECARVER v. D. W. BRADEN ET AL.

APPEAL BY W. T. H. PAULEY, GARNISHEE, ET AL., FROM THE
COURT OF COMMON PLEAS OF GREENE COUNTY.

Submitted October 9, 1891—Decided January 4, 1892.

The garnishee in an execution attachment having appeared after service,
and, in response to interrogatories filed, answered that he was indebted
to the judgment defendant, neither the garnishee nor the judgment de-
fendant may afterwards set up defects in the service of the attachment,
to the entry of judgment against the garnishee: Lupton v. Moore, 101
Pa. 318.

Before PAXSON, C. J., STERRETT, CLARK, WILLIAMS, MC-
COLLUM and MITCHELL, JJ.

No. 233 October Term 1891, Sup. Ct.; court below, No. 135
January Term 1870, C. P.

On November 27, 1889, sur judgment at No. 134 January
Term 1890, for six thousand dollars, in favor of George Wise-
carver against D. W. Braden, W. T. Lantz, and J. F. Temple,
the plaintiff issued an execution attachment summoning W. T.
H. Pauley as garnishee. The same day, the sheriff made a re-
turn of service upon the defendants and upon the garnishee.

On December 17, 1889, interrogatories were filed and a rule
taken on the garnishee to answer; served upon the garnishee
on December 27th. On January 4, 1890, the garnishee filed
an answer admitting that he was indebted to J. F. Temple, a
defendant in the judgment, in $11,513.34, as would more fully
appear at No. 117 April Term 1885, in the Court of Common
Pleas.

On January 20, 1890, the garnishee filed exceptions to the
service of the writ of attachment upon him, as not in accor-
dance with the Rules of Court and the provisions of the act of
assembly; and the same day, filed a petition setting forth over-
sights in his former answer. Subsequently, a rule on the
plaintiff was granted to show cause why the service of the at-
tachment should not be set aside, and why leave should not be
given the garnishee to withdraw his former answer, and to file

Opinion of the Court.

an amended answer in accordance with the facts set forth in his petition.

On March 12, 1890, on motion, leave was given to the sheriff to amend his return of service. On March 15th, the sheriff filed his amended return, and on April 26th, the garnishee filed an answer in accordance with his petition.

On May 7, 1891, the rule to show cause why the service of the attachment should not be set aside, etc., was discharged; and, on June 16th, judgment was entered in favor of the judgment plaintiff against the garnishee for $6,630, with costs and commissions, to be paid out of the judgment of J. F. Temple against the garnishee, at No. 117 April Term 1885, subject, however, to the set-off of a judgment of James W. Kuntz against J. F. Temple and the garnishee, in which the latter was surety for said Temple, at No. 145 January Term 1890. Thereupon, W. T. H. Pauley, the garnishee, J. F. Temple, the judgment defendant, Alpheus Temple and Arthur I. Lindsey, assignees of the judgment upon which the attachment was issued by assignment dated December 2, 1889, took this appeal, specifying that the court erred :

1, 2. In discharging the rule to set aside the service of the attachment, etc., and in not dismissing the interrogatories filed, and all other proceedings in the case.

3, 4. In granting to the sheriff leave to amend his return.

5, 6. In entering the judgment against the garnishee, there being no service of the attachment as required by law.

*Mr. A. A. Purman* and *Mr. J. B. Donley*, for the appellants.

*Mr. R. L. Crawford* and *Messrs. Wise & Minor*, for the appellee.

PER CURIAM :

We need not discuss the question of the sufficiency of the service upon the garnishee, for the reason that he appeared and filed an answer. Under all the authorities, this was a waiver of any defect in the service : Lorenz v. King, 38 Pa. 93 ; Lupton v. Moore, 101 Pa. 318.

　　　　　　　　　　　　　　　　　　Judgment affirmed.

On March 28, 1892, a motion for a re-argument was refused.