# Egolf Building & Loan Association *v.* Cleaver, Appellant.

*Building and loan association — Officers — Stockholders — Stock — Attachment execution.*

1. The treasurer of a building and loan association may through his counsel, who is also the solicitor of the association, issue an attachment execution against the stock of a member of the association for a private debt of his own and summon himself, as treasurer, as the garnishee.

2. Where a member of a building and loan association does not make any appropriation of payments on his stock to the reduction of his mortgage debt to the association, and the association has made no appropriation, and the stock is attached in garnishment proceedings, the member cannot thereafter appropriate the payment made on the stock to the reduction of his mortgage debt.

3. A credit for the value of stock given in the præcipe for a sci. fa. sur mortgage which is afterwards discontinued, signed by the solicitor of a building and loan association and sworn to by its secretary, does not constitute an appropriation by the association of the value of the stock to the mortgage indebtedness, it not being shown that either the solicitor or the secretary had authority to give such credit or make such an appropriation.

Argued March 23, 1910.  Appeal, No. 80, Jan. T.,

1910, by defendant, from order of C. P. No. 3, Phila. Co., Sept. T., 1909, No. 3,749, refusing to reduce assessment of damages in case of George Egolf Building & Loan Association v. Frank C. Cleaver. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Rule to reduce assessment of damages.

The opinion of the Supreme Court states the facts.

*Error assigned* was order refusing to reduce assessment of damages.

*George J. Edwards, Jr.,* for appellant.—The solicitor had power to give the credit: Louchheim v. Building & Loan Assn., 16 Pa. Superior Ct. 33; Kilpatrick v. Building & Loan Assn., 119 Pa. 30; Building & Loan Assn. v. Kilpatrick, 140 Pa. 405; Schutte v. Building & Loan Assn., 146 Pa. 324.

The building association having two funds out of which it may realize its debt is by the doctrine of marshaling of assets obliged to first resort to the fund upon which it alone has a lien, to wit, the stock, before it can proceed against the real estate upon which exist junior incumbrances which have no lien upon any other fund: Endlich on Building Associations, secs. 485, 486; Bispham on Equity, sec. 340; Robeson's App., 117 Pa. 628; Ramsey's App., 2 Watts, 228.

*Harvey Gourley,* for appellee.—The association's solicitor had no implied authority to make the appropriation of stock toward the mortgage debt. He had no such power by virtue of his retainer: Gass v. Citizens' B. & L. Assn., 95 Pa. 101; Johnston v. Elizabeth B. & L. Assn., 104 Pa. 394; Isaacs v. Zugsmith, 103 Pa. 77; Chambers v. Miller, 7 Watts, 63; Heffernan v. Addams, 7 Watts, 116; Miller v. Hulme, 24 W. N. C. 131; Rowland v. Slate, 58 Pa. 196; Bosler v. Searight, 149 Pa. 241.

Payments on the stock are not to be credited on the

mortgage as payments of either principal or interest: Strohen v. Franklin Saving Fund & Loan Assn., 115 Pa. 273; Haspel v. Moffitt, 32 Pa. Superior Ct. 344; Harris's App., 18 W. N. C. 14; Freemansburg B. & L. Assn. v. Watts, 199 Pa. 221; Economy Building Assn. v. Hungerbuehler, 93 Pa. 258; Central Building Assn. v. Schmitt, 12 W. N. C. 239; North American Building Assn. v. Sutton, 35 Pa. 463; Spring Garden Assn. v. Tradesman's Loan Assn., 46 Pa. 493; Early and Lane's App., 89 Pa. 411.

OPINION BY MR. JUSTICE BROWN, April 18, 1910:

The appellant, who was a stockholder in the George Egolf Building & Loan Association, borrowed $2,000 from it on a mortgage, pledging his stock as collateral security therefor. For some default on his part a sci. fa. was issued on the mortgage, but was discontinued shortly afterwards upon his paying all costs and a counsel fee. Nearly two years later, on November 4, 1909, the building association entered judgment against the appellant on his bond accompanying the mortgage, and his complaint is that he ought to have been allowed a credit of $586.09—the value of his ten shares of stock at the time the judgment was entered. His petition, denied by the court below, was to have the judgment entered against him reduced to the extent of the value of his stock, and the question raised on this appeal is his right to the credit claimed.

About three months after the sci. fa. on the mortgage had been abandoned an attachment ad lev. deb. was issued by a judgment creditor of the appellant, under which his stock in the association was attached. There is justification for the charge made that the attaching creditor—the treasurer of the association—and his counsel, who was its solicitor, colluded to reach this stock as an asset of the appellant to be applied to the payment of the judgment upon which the attachment issued; but the collusion was a lawful one, to do a lawful thing. Patterson, though the treasurer of the association, had a right

to issue his attachment, in which he summoned himself as treasurer as the garnishee; his counsel, though solicitor for the association, had the right to direct the sheriff to make no service upon the defendant, and to appear for both the attaching creditor and the garnishee, and the association had the right to keep Cleaver in utter ignorance of the attachment of his stock. These and other matters to which our attention has been directed were not illegal, and this is all we need say about them. With the good taste exhibited by the attaching creditor and his counsel we have no concern. We pass only upon the legal right asserted by the appellant.

Appellant's claim that he ought to be allowed a credit for the value of his stock is based upon what he alleges was such an appropriation of it by the appellee. He frankly admits that he had made no such appropriation and relies solely upon what appears in the præcipe for the sci. fa. on the mortgage as evidence of the appropriation by the appellee. In that præcipe, signed by the association's solicitor and sworn to by its secretary, there was a statement that the mortgagor was entitled to credit for his stock. How much is not stated. It was not shown by the appellant that either the solicitor or the secretary of the association had any authority to give such credit or to make any appropriation of the value of the stock to the mortgage indebtedness, while the affirmative proof submitted by the appellee was that neither had any such authority, and, therefore, when the proceedings on the mortgage were discontinued, the liability of the appellant on his bond and mortgage continued to be just what it had been before the sci. fa. was issued. It is admitted that prior to that time there had been no appropriation of the stock by either the mortgagee or the mortgagor. But there is evidence coming from the appellant himself, in writing, shortly before the judgment was entered, that he regarded the whole amount of it as due, and that he was liable to pay it without any credit for the stock. On October 12, 1909, he was informed by the secretary of the association

that his stock had been attached and that he would have to pay off " the full $2,000." To this he replied, on the twenty-sixth of the same month, that as "the $2,000 must be paid we must have a little more time," adding that he would get from another building association the balance which he needed to pay off the entire amount of the judgment. It would have been error to allow him the credit asked for. The stock had been attached and had passed beyond his power to apply it to his indebtedness. The appeal is dismissed and the judgment as entered is affirmed.