# Wolf v. Wolfe, Trustee, Appellant, and Lieberman et al. Garnishees.

*Judgments—Attachment execution—Service on garnishees—Sufficiency—Act of July 9, 1901, P. L. 614.*

The person issuing a writ of attachment may direct the sheriff to serve. both the defendant and the garnishee, but under the provisions of the Act of July 9, 1901, P. L. 614, he has his election to serve or the garnishee alone. It is not necessary for the attaching creditor to make service on the defendant, in order to secure his rights to the funds in the hands of the garnishee.

Argued December 9, 1918. Appeal, No. 303, October T., 1918, by defendant, from judgment of C. P. No. 3, Philadelphia Co., March T., 1917, No. 1324, discharging the rule to quash writ of attachment-execution and entering judgment against the garnishees in the case of Harry Wolf v. Bertram K. Wolfe, trustee of the estate of G. J. Reich, a bankrupt, substituted defendant, and Albert H. Lieberman and Emil J. Rosenberger, receivers of the estate of Margolin & Block, garnishees. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Affirmed.

Attachment-execution upon judgment in assumpsit. Before McMICHAEL, P. J.

The facts are stated in the opinion of the Superior Court.

On rule to show cause why the writ of attachment-execution should not be quashed, the court discharged the rule and afterwards entered judgment against the garnishees in the sum of $615, on the rule for judgment for the amount, admitted to be due, in the garnishees' answer to plaintiff's interrogatories. Defendant appealed.

*Errors assigned* were order of the court discharging rule to quash writ of attachment-execution, and in entering judgment in favor of the plaintiff and against garnishees.

*Joseph A. Allen,* for appellant.—The writ should have been served upon the defendant as well as upon the garnishee: Act of June 16, 1836, P. L. 755; Act of March 20, 1845, P. L. 188; Corbyn v. Bollman, 4 W. & S. 342; Miller v. Snyder, 138 Pa. 23; Wisecarver v. Braden, 146 Pa. 42; Lupton v. Moore, 101 Pa. 314.

*David H. Cohen,* for appellee.

OPINION BY ORLADY, P. J., July 17, 1919:

On May 11, 1917, Harry Wolf, the plaintiff, obtained a judgment against G. J. Reich, the defendant, for $970. On June 25, 1917, a writ of attachment-execution was issued on this judgment against the defendants, and Lieberman and Rosenberger, receivers of the estate of Margolin & Block, who were summoned as garnishees. No service was made upon the defendant, Reich, nor any attempt made to so serve it, as the writ was never placed in the sheriff's hands. On March 27, 1918, Reich, the defendant, was adjudicated a bankrupt, and Bertram K. Wolfe was appointed trustee of his estate. The trustee filed a claim with the receivers of Margolin & Block for the amount due to the bankrupt estate, and this claim was finally proved before the auditor of the receiver's account, in the sum of $4,100, with allowance of a dividend of 15 per cent or $615. On August 25, 1917, inter-

rogatories were filed by the plaintiff directed to the garnishees who on October 15, 1918, answered in due form, in which they admitted that they held in their hands the sum of $615 as due the defendant. On October 17, 1918, the plaintiff took a rule for judgment against the garnishees for the amount in their hands admitted to be due the defendant. On October 25, 1918, the defendant's trustee obtained a rule to show cause why the writ of attachment-execution should not be quashed on the ground that no service had been made of it upon the defendant, although he was a resident of Philadelphia County at the time it was issued. After answer and argument before the court, the rule to quash was discharged, and the plaintiff's rule against the garnishees for judgment for the amount admitted in their answer to be due was made absolute in the sum of $615. From this action of the court this appeal is taken.

The question involved is, where a defendant in a judgment resides within the county at the time a writ of attachment-execution is issued on the judgment, in order to create a valid attachment against funds in the hands of a garnishee, must the writ be served upon the defendant as well as upon the garnishee. The serving of such a writ as provided by the Act of June 16, 1836, P. L. 755, Section 36, is as follows: "It shall be the duty of the officer charged with the execution of such writ to serve a copy thereof upon the defendant in such judgment, and upon every person and corporation within his proper county, named in the said writ of attachment, in the manner provided for the service of a writ of summons in a personal action." And as amended by the Act of March 20, 1845, P. L. 188, Section 4, viz: "So much of the 36th Section of the Act of June 16, 1836, as requires service of the attachment on any defendant be and the same is hereby repealed except where the defendant is a resident of the county in which the attachment is issued." The procedure has been radically changed by the Act of July 9, 1901, P. L. 614, entitled "An Act relating to the Service

of Certain Process in Actions at Law, and the Effect Thereof, and Providing who shall be Made Parties to Certain Writs," and which provides: "All acts of assembly and parts of acts of this Commonwealth, general, special or local, in relation to the service of the writs hereinbefore set forth, inconsistent herewith, be and the same are hereby repealed; it being intended hereby to furnish a complete and exclusive system in itself relative to the service of all such writs." The writ of summons, the writ of attachment in execution, and the writ of scire facias in personal actions, may be served by the sheriff, in the county wherein it is issued upon an individual, defendant or garnishee.

It is evident that the Act of 1901 applied both to the method of service, as well as to the parties who are to be served, and this act is given direct construction in Egolf Building & Loan Association v. Cleaver, 228 Pa. 60, in which it is held that a treasurer of an association had the right to issue an attachment, summon himself as treasurer as the garnishee, and that his counsel, though solicitor for the association, had the right to direct the sheriff to make no service upon the defendant, and to appear for both the attaching creditor and the garnishee. And further, that the association had the right to keep the debtor in utter ignorance of the attachment. The good taste of such a proceeding is not considered by the Supreme Court, but only the legal right asserted by the appellant.

The case before us is much stronger. It is conceded that the service on the garnishee was regular, and the amount for which the judgment is entered is not in dispute. The answer was filed in the light of the facts shown by the record,—and as stated in Wisecarver v. Braden, 146 Pa. 42, "We need not discuss the question of the sufficiency of the service upon the garnishee, for the reason that he appeared and filed an answer. Under all the authorities this is a waiver of any defect in service. The rule to quash the attachment, in this case is taken by a

trustee in bankruptcy of an estate in which the bankrupt has already been discharged, and the trustee cannot be said to be acting for him who has his discharge. He was free to assent to the proceedings even if irregular. And in this case, his nonaction may be rightly taken as his assent, as he had the capacity to move after his discharge as a bankrupt and has not done so.

The party issuing a writ of attachment may direct the sheriff to serve both the defendant and the garnishee, but under the Act of 1901, he has his election to serve or the garnishee alone. The important service from the attaching creditor's standpoint, is to stop the funds in the hands of the garnishee, and this the legislature has said is all that is necessary to be done.

As in Egolf Building & Loan Association v. Cleaver, supra, we pass only upon the legal right asserted, and under authority of that case the judgment is affirmed.