Ristau et ux., Appellants, *v.* Crew Levick Co.

Argued April 12, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Harold S. Hampson,* and with him *T. L. Hampson,* for appellant.

*Earle MacDonald,* for appellees.

Opinion by Stadtfeld, J., July 14, 1933:

This is an appeal by plaintiff from the order of the lower court sustaining exceptions and reversing and setting aside the judgment of a justice of the peace in a landlord and tenant proceeding to recover possession of certain premises under the Act of Assembly 1863, December 14, P. L. (1864) 1125, Sec. 1.

H. J. Ristau was plaintiff in the original action before the justice, and Crew Levick Company and Carl

Strandberg defenants. Summons was issued by the justice of the peace March 25, 1931, returnable April 3, 1931, between the hours of nine and ten A. M. April 3, 1931, hearing was had by the Justice after the hour for hearing. The record shows that Carl Strandberg, of defendants, appeared, but departed before trial after the hour for hearing. The Crew Levick Company, the other defendant, made no appearance other than the appearance of the said Carl Strandberg, its agent in charge, upon whom service of summons was made. After hearing, the justice reserved his decision until April 10, 1931, at 11 A. M. Judgment was entered against the defendants by the justice of the peace April 10, 1931, at 11 A. M. Certiorari was issued out of the court of common pleas of Warren County and served upon the justice of the peace April 22, 1931. Writs were then issued by the justice and possession of the premises delivered to the plaintiff. June 13, 1931, execution issued upon which sale was made by the constable to collect the amount of the judgment entered for damages, upon which return was made, possession delivered and damages collected, and judgment satisfied on July 8, 1931. Motion was made by plaintiff to quash the certiorari, and on May 27, 1931, the lower court handed down an opinion quashing the same. Motion for re-argument was made by defendants, the case re-argued, and on July 7, 1931 the lower court handed down a further opinion dismissing the certiorari. July 21, 1931, a second writ of certiorari was taken which is the present action upon which appeal was taken.

August 6, 1931, petition ex parte plaintiff was filed praying that the original summons be amended so as to show the full facts. August 14, 1931, petition was granted and an amended return of the service of the summons was filed. It appears that the original return showed a service of a "certified" copy instead

of a "true and attested" copy. A supplemental return was filed prior to the amended return of August 14, 1931, correcting the return in that particular matter. September 7, 1931, certiorari was returned by the justice of the peace with record attached. Exceptions of defendants (appellees here) were filed, and after testimony taken and argument February 26, 1932, an opinion of the court was filed sustaining the exceptions and the proceedings before the magistrate were set aside. March 7, 1932, motion for re-argument was filed by plaintiff. Re-argument was had March 17, 1932, and on April 23, 1932, the lower court filed an order reversing and setting aside the judgment and proceedings before the justice of the peace.

The exceptions of defendant (appellees here) in the lower court, in brief, were that summons did not state where defendants were to appear; that the justice had no jurisdiction; that return of the constable was amended twice after alleged service of the summons, and that the docket entries of the justice were changed after the issuance of the certiorari. The lower court sustained the exceptions in an opinion by ARIRD, J., filed February 26, 1932, and re-affirmed its findings by opinion filed April 23, 1932. From this order the present appeal was taken.

The assignments of error relate to (1), the finding by the court below "that in some parts of this proceeding the justice acted without authority and without jurisdiction," (2), "that in several instances the proceedings were defective and irregular," and (3), in making the order reversing the judgment and setting aside the proceedings before the justice.

The court below sustained the following exceptions: (a), the summons does not state where the defendants are to appear; (b), the justice had no jurisdiction; (c), allowing the amendment of the constable's return; (d), return of the execution shows levy and sale but does not show "due advertisement, nor sale to highest

bidder, nor that defendants had notice;" (e), alias writ of restitution does not show any service by constable or notice to defendant; (f), that the docket entries of the justice were changed by the justice after issuance of the writ without notice and without notation on his docket of any evidence produced which would justify the changes.

In its opinion, the lower court states, "The transcript alleges that on April 3, 1931, Strandberg, one of the defendants, appeared but departed before trial after the hour for hearing." If he appeared, it is immaterial whether he remained for the hearing or not, as it is a waiver of the alleged defect in the summons in not stating where the defendants are to appear. Sports v. Farling, 2 Pears. 295; Quigney v. Quigney, 1 North. 20; Kaier v. Leahy, 15 C. C. 243; Lupton & Co. v. Moore, 101 Pa. 318; Miller v. Warden, Frew & Co., 111 Pa. 300. There was therefore no merit in the first exception.

We will not discuss the remaining exceptions seriatim, as the same principles apply in most instances to each of them.

Every presumption consistent with the record, is to be made in favor of regularity of proceedings, and strict formality will not be insisted on. Guth v. Stein, 68 Pitts. 394, 29 Dist. 669.

In Snyder v. Carfrey, 54 Pa. 90, 93, the Supreme Court, by Mr. Chief Justice WOODWARD, said: "Very few aldermen and justices of the peace can make up records upon penal statutes which can withstand the criticisms of a certiorari, but in committing the rights of landlords and tenants to the unaided judgment of such a magistracy, the legislature meant that Superior Courts should exact no unattainable precision of procedure, but only such substantial compliance with the letter and spirit of the statute as would generally be within the competence of the magistrates."

It has been held in numerous cases that a justice may correct his docket entries to correspond with the facts: Wilderman Co. v. St. Mary's Church, 2 Just. 200; Barlement v. Mecke, 22 C. C. 126; Miller Paper Co. v. Keystone Coal and Coke Co., 267 Pa. 180.

The certiorari brings up for review nothing but the record and the court can correct only irregularities appearing on face of record. Futer v. Futer, 41 Lanc. 313; Kreitzer v. Deitrich, 8 Northum. 75.

The return of the constable possesses conclusiveness of a sheriff's return. Holly v. Travis, 267 Pa. 136. It has also been held that it is no ground for reversal that the record does not correspond with a transcript previously furnished the defendant. Moore v. Messersmith, 12 C. C. 575.

Having the right to amend, the court below should have disposed of the case upon the record as it appeared according to its amended character. Instead of so doing it criticized the first and supplemental or second return of the constable and the record returned in response to the first certiorari. In its second opinion it says, "Now after the second certiorari issued we find the justice interlined and made a different entry than the above (first record) ...... now at the time the defendants issued the second certiorari, the defendants had a right to rely upon the certified copy of the return that the justice had made to the first certiorari. ...... in passing upon this case intelligently, we must remember the condition of the record and the docket entries, as well as the certified copies of the record and docket entries as filed by the justice in response to the first certiorari. ...... I can not comprehend a justice certifying as he did in the first certiorari that it is a true copy of the record as filed in his office when he knew it certainly was not." This was ignoring entirely the effect of the amendment allowed by the court. Ignoring the amended return of service, as also the record returned in re-

sponse to the second certiorari, the lower court concluded that the first and second returns were defective and that therefore the justice had no jurisdiction; also because the second return of the constable "failed to show that the Weavers or any other person, or persons, corporation or corporations, were in quiet and peaceable possession of the premises, and the justice of the peace had no authority to enter judgment without he found the fact in the return of the constable or in the complaint." If the return of the record in response to the second certiorari was incorrect or not according to the facts, a diminution should have been suggested and, if necessary, proper correction made. In the absence of such correction, the amended return should have been accepted as verity.

An examination of the amended return shows a valid service upon the defendants. The record returned, in response to the second certiorari, contains all the essential averments to sustain the judgment of the justice. The averment or finding as to "quiet and peaceable possession" is sufficient if found in the record. It is not necessary that it appear in the return of the constable or the complaint: Ballow v. Mehring, 28 Pa. Superior Ct. 156; Hickey v. Conley, 24 Ibid. 388. There appeared therefore all the averments necessary to give jurisdiction both over the parties and the subject matter.

The court also refers, in its second opinion, to the issuing of a "Writ of Restitution" and an alias writ of the same designation. An inspection of the record shows that this was merely a misnomer, as the writs actually issued were "Writs of Possession." The court also refers to the fact that the summons was not issued to the constable of the township most convenient to the defendant. There is nothing in the law requiring this. Quoting from the opinion of MARR, J., in Purnell v. McBreen, 23 C. C. 442, 444: "In Clark v.

Worley, 7 S & R 349, it is said that it is the universal practice for justices to issue warrants of executions to others than constables residing in the same township with the defendants, and that doctrine seemed to be approved in Com. v. Lentz, 106 Pa. 643.''

Appellee, in its brief, discusses the question of appellant's right to appeal, and claims that under the 22nd section of the Act of March 20, 1810, 5 Smith's Laws, 161, Purdon's Penna. Statutes Annotated, Title 42, paragraph 957, p. 320, provides for the issuance of certiorari to a justice of the peace and the last clause in the act is as follows: ''And that the judgment of the court of common pleas shall be final on all proceedings removed as aforesaid by the said court and no writ of error shall issue thereon.''

The act of 1810, supra, has been held not to apply to the summary process for obtaining possession of leased property under the landlord and tenant acts. Graver v. Fehr, 89 Pa. 460.

The judgment by the justice in this case was entered on April 10, 1931. The first certiorari was issued on April 22, 1931 and quashed on May 27, 1931. The judgment was satisfied of record on July 8, 1931. The second writ of certiorari was issued on July 21, 1931, being 102 days after the entry of judgment.

The act of 1863, supra, under which this proceeding was instituted, provides ''that the tenant may have a writ of certiorari, to remove the proceedings of the justice, as in other cases.'' The act does not provide in what time the certiorari must be taken. If ''as in other cases'' has reference to the act of 1810, supra, then it should have been taken within 20 days after the entry of judgment. In the instant case the defendant knew of the entry of judgment at the time, for he had the first writ of certiorari issued on April 22, 1931. The second writ was therefore too late. The assignments of error must therefore be sustained.

The motion to dismiss assignments of error and to quash appeal is overruled, the assignments of error are sustained, the judgment of the lower court is reversed, the exceptions to the judgment of the justice are dismissed and the judgment of the justice is affirmed.