## Herron v. Corbett, etc.

*Darlington Hoopes*, for plaintiff; *George J. Gross*, for defendant.

SHANAMAN, J., July 2, 1934.—This is certiorari from an alderman's judgment in assumpsit for $28.55, with a defendant's rule to take depositions, and a plaintiff's petition to vacate the said rule. The transcript and record are admittedly and actually valid and sufficient on their face, showing an affidavit of claim, an accompanying copy of book account, a summons, a service of these on the defendant, a failure to file an affidavit of defense, a hearing, and a judgment for the plaintiff. The Act of July 7, 1879, P. L. 194, sec. 2, provides that "the justice, magistrate or alderman shall render judgment in favor of the plaintiff for the amount of his claim," whenever a plaintiff elects to proceed by affidavit of claim, and no affidavit of defense is filed. Upon the record, therefore, the judgment was not merely sustainable, but also compellable.

Our Rule of Court provides as follows: "Certiorari. Sec. 85. When the proceedings of the justice or alderman are returned upon certiorari, exceptions shall be filed within 10 days after the return of the writ, or in default thereof, the proceedings of the justice or alderman shall be affirmed of course." Defendant in pursuance thereof filed a single exception, averring that there was an original constable's return "which was incorrectly drawn in that it did not set

forth service upon the defendant of certified copies of affidavit of claim and book entries;" that this (by implication) was the only return before the alderman on March 15, 1934, the date of the hearing and the judgment; and that after entry of judgment a new return, supplying the necessary averment, was sworn to, antedated as of the date of the original return, and substituted for it.

The exception does not attempt to attack the validity of the service in any point whatsoever, and upon the argument, Mr. Hoverter, counsel for defendant, stated to the court that defendant did not argue that the service was deficient, but that the original return being invalid, the alderman lacked jurisdiction and was without power to correct the record in the way that he and the constable adopted.

The law governing the magistracy gave to the alderman jurisdiction of the subject-matter, an assumpsit to pay $28.55; and jurisdiction of the defendant he obtained through the service made by the constable. "In either case the 'effect of a return' is merely to record what the service was. . . . It is the service and not the return which brings a defendant into court; and the purpose and effect of the service is to require him to answer the exigency of the writ": Holly v. Travis, 267 Pa. 136, 145, concurring opinion by Mr. Justice Simpson. See also 15 C. J. 799, note 74.

The general power of the constable to amend his return so as to bring it into conformity with the facts, as well as the similar power of an alderman to make a proper correction of his docket, are declared in a multitude of decisions. See Fidelity Casualty Co. v. Ketrick et ux., 3 Luz. L. R. 225, 227; Newcomb v. Miner, 5 Luz. L. R. 328. "It has been held in numerous cases that a justice may correct his docket entries to correspond with the facts": Ristau et ux. v. Crew Levick Co., 109 Pa. Superior Ct. 357, 362.

In Jobe v. Fullaytar, 64 Pitts. 477, judgment was entered after a constable's return to a summons, averring personal service on defendant. Defendant took a certiorari and excepted that the alderman lacked jurisdiction of her because the constable's return was false, she being in Colorado on the day of the alleged service. The court then granted the alderman, on December 23, 1915, and upon his petition to them, leave to amend, and he filed an amended transcript, setting forth "And now, December 20th, 1915, the return of the summons in this case amended to read: And now, July 23, 1915, summons returned. Served the within writ July 23, 1915, upon the within named defendant, Miss B. Jobe, by handing a true and attested copy thereof to an adult member of defendant's family at defendant's dwelling house, 1205 Federal Street, Pittsburgh, Pa." Here the amendment both of the constable's return, and necessarily of the alderman's docket, was permitted even after the certiorari, but upon petition to the court.

Formerly there existed respectable authority to the effect that a court of common pleas will not, after certiorari to the justice, grant a petition for leave to amend the constable's return or the justice's docket. See Hildreth v. Reilly, 2 Luz. L. R. 270; Burgan v. Borough of Miner's Mills, 7 Luz. L. R. 561; Newcomb v. Miner, supra. But Newcomb v. Miner and Hildreth v. Reilly, supra, expressly recognize the power of the justice to permit an amendment or correction of the return before the removal of the record by certiorari, and Burgan v. Borough of Miner's Mills, supra, contains nothing to contradict the existence of such power. The late case of Ristau et ux. v. Crew Levick Co., supra, has now definitely affirmed the doctrine that the court of common pleas may permit an amendment even after certiorari, and after transcript filed.

Counsel concedes that under the authorities the constable may doubtless be permitted by the justice to correct and amend his return so as to bring the

record into accord with the facts, and the justice may amend his docket to correspond, but contends that the particular method adopted by the alderman and constable in this case was improper. The course taken in Jobe v. Fullaytar and Ristau et ux. v. Crew Levick Co., supra, could have been pursued, or the alderman could prior to certiorari have amended his docket, based upon an amended return of the constable, by noting on the return that it was amended, by changing it, or adding to it, in accordance with the facts. We regard with disfavor the course actually adopted, of making a second return correctly stating the circumstances of the service, and substituting it for the original and erroneous return. Such practice is not to be commended, and ought not to be repeated; and if any prejudice to the defendant appeared, the case would be on a very different footing. But, as stated above, the service itself was good, the plaintiff's claim was good, no affidavit of defense was filed, the alderman had jurisdiction, and judgment for the plaintiff was necessary and unassailable. The case chiefly relied on by defendant is Fidelity Casualty Co. v. Ketrick et ux., supra. This case presented an entirely different state of facts from those before us. In it the service was bad from the beginning, was insufficient to confer jurisdiction, and was amended after judgment so that it complied with the law but departed from the facts of the service. It appeared, furthermore, that the return was altered without the constable's consent. In Shell v. McConnell, 1 Pears. 27, cited by defendant, the real judgment was for the defendant, evidenced by a written certificate of nonsuit given by the justice at the time of the hearing. The record judgment, however, was for the plaintiff. Both cases reveal a vital prejudice worked to the injured party.

In passing upon the proceedings of any of the minor magistracy upon certiorari, all necessary formality will be exacted; but when the substance of the parties' rights has not been impaired, and the spirit of the statutes is complied with, judgment will not be reversed because of a want of perfect precision of procedure: Ristau et ux. v. Crew Levick Co., supra. In Leaman et al. v. Lancaster County Mutual Ins. Co., 18 Dist. R. 384, 385, the court said: "We are of the opinion that the return of service complies with the act of assembly, and that the justice could amend the return of the constable in accordance with the facts at any time, if he did do so, as is alleged by counsel for defendant. The proper way would have been for him to have noted on the return that it was amended, by changing it or adding to it, in accordance with the facts, but so long as the return has only been changed to agree with the facts, the defendant suffers no harm by the amendment, and it was within the powers of the justice to make it."

The exception filed characterizes the action of the alderman and constable as "fraudulent", "conniving", and "with fraudulent intent". Neither partiality, corruption, or arbitrariness is alleged. The mere intent to bring an "incorrectly drawn" (quoting from the exception) return into conformity with the facts of service is not fraudulent. No other intent and no other facts constituting fraud are alleged. In Levine et al. v. Pittsburgh State Bank et al., 281 Pa. 477, 481, the Supreme Court says: "True, plaintiffs' statement frequently uses such terms as 'fraud,' 'falsehood,' 'duress,' 'conspiracy,' etc., in referring to the conduct of the defendant and its president, but sets forth no facts to justify the same. The mere averment of a conclusion is without avail unless supported by a statement of facts, for 'General averments of matters which in themselves are legal conclusions, from facts not stated, are insufficient, as, for example, payment, fraud, or undue influence, these involve mixed questions of law and fact. It should appear how payment was made, of what the fraud or

undue influence consisted,' etc. . . . [citing cases]. Where fraud is set up as a ground for relief the facts which constitute it must be averred".

Counsel for plaintiff contends that the entire matter is concluded in plaintiff's favor by the single decision of Holly v. Travis, supra. Although not relying upon it, we have not overlooked the force of that decision.

And now, to wit, July 2, 1934, defendant's exception is overruled, the certiorari is quashed, and the judgment of the alderman is affirmed.