## Lamparter v. Conestoga Transportation Company

*Marshall M. Cohn*, for plaintiff.
*Windolph & Mueller*, for defendant.

SCHAEFFER, J., October 9, 1936.—The record of the alderman in this case was brought into this court by a writ of certiorari issued on June 2, 1936, to determine the question of jurisdiction of the alderman. The alderman issued a summons in trespass and on May 8, 1936, after hearing, entered judgment in favor of plaintiff and against defendant, in the sum of $40, for damages alleged to have been caused to plaintiff's automobile resulting from a collision between plaintiff's automobile and a trolley car of defendant company, operated at the time of the accident by defendant's servant or agent.

Defendant raises three questions: (1) An alleged defective service of the summons; (2) a justice of the peace or alderman does not have jurisdiction of an action of trespass on the case; and (3) the record of a civil action for damages to a motor vehicle under The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 22, 1931, P. L. 751, sec. 2, must show that plaintiff produced a receipted bill for the damages repaired, sworn to by the party making such repairs.

The transcript of the docket attached to the writ of certiorari shows that the summons was served on David R. Baker, general manager of defendant company, personally, in the County of Lancaster, Pa. Defendant contends that originally the alderman's docket showed service of the summons on David R. Baker, individually, and not as general manager of defendant corporation. In Ristau et ux. v. Crew Levick Co., 109 Pa. Superior Ct. 357, it was decided that a writ of certiorari brings up for review nothing but the record, and every presumption consistent with the record is to be made in favor of the regularity of the proceedings. Futhermore, a justice of the peace may correct his docket entries to correspond with the facts. The Act of July 9, 1901, P. L. 614, amended April 3, 1903, P. L. 139, provides that the writ of summons may be served personally on an executive officer of a corporation.

The court is of the opinion that the service of the summons in this case, according to the record, is in accordance with the acts of assembly.

It has been decided that the 20-day limitation for suing out a certiorari to an alderman is not applicable where jurisdiction is involved. In Kiehl v. Red Rose Beneficial Society, 34 Lanc. L. R. 11, it was held that where the justice had no jurisdiction of the subject matter or the parties a writ of certiorari may be issued and the proceedings set aside after the expiration of 20 days. In that decision Graver v. Fehr, 89 Pa. 460, was followed. In Pantall et al. v. Dickey, 123 Pa. 431, 438, relating to a judgment entered before an alderman, the Supreme Court said:

"But the judgment being void for want of jurisdiction to enter it, it matters not how, or in what mode, or at what time the objection on that ground is brought to the attention of a supervising court. Being void, it has no efficacy at any time."

Some lower court decisions of this State hold that where the question of jurisdiction of the alderman or justice of the peace is involved the certiorari may be taken out more than 20 days after the entry of the judgment, but that the 20-day period fixed by the Act of March 20, 1810, P. L. 208, sec. 1, runs from the time defendant learned or should have learned of the existence of the judgment.

The hearing was continued from May 1, 1936, to May 8, 1936, when judgment was entered. The writ of certiorari was issued 25 days thereafter. Under the circumstances the court finds that this was not too late to raise the question of jurisdiction.

Under the record facts the action is in the nature of trespass on the case and not trespass vi et armis. Plaintiff relies upon Walsh v. Martin, 44 Lanc. L. R. 137, decided in 1934, which was followed in Plotnick v. Stoltzfus et al., 44 Lanc. L. R. 198. In those cases this court took the position that under section 1208 of The Vehicle Code of May

1, 1929, P. L. 905, 997, an alderman has jurisdiction of all civil actions for damages arising from the use or operation of any motor vehicle whether the motor vehicle of defendant was operated by himself or by an employe. In view of the conflicting decisions, this court followed Campbell v. Krautheim, 4 D. & C. 577, decided by Judge Lewis, of Philadelphia. Subsequent to the decisions of this court above referred to, Judge Keller, of the Superior Court, in Knautt v. Massinger, 116 Pa. Superior Ct. 286, 290 (1935), said:

"This makes out a case for which trespass *vi et armis* would lie, which was the form of action before the justice. The injuries were direct and immediate and were alleged to have been committed by the defendant personally, while operating his own automobile. Consequential damages, formerly recoverable in an action of trespass on the case, are still without the justice's jurisdiction."

In the recent case of Allegheny Valley Street Ry. Co. v. Arabia, 20 Westm. 115, it was decided that a justice of the peace does not have jurisdiction under the Act of July 7, 1879, P. L. 194, sec. 1, in an action for damages to plaintiff's automobile caused by collision with a street car, where it appeared that injuries inflicted were by the servant of the street car company in the course of his employment. See also Werner v. Miller & Son, 46 York 118, and Sprout v. Kirk, 80 Pa. Superior Ct. 514 (a Lancaster County case).

In view of the late decision of the Superior Court, supra, the court feels bound to hold that an alderman or justice of the peace does not have jurisdiction in an action sounding in trespass on the case.

Plaintiff contends that if defendant is a corporation and its servant commits the negligent act it is trespass vi et armis, because a corporation is an abstract legal entity and the acts of its servants are the acts of the corporation. The court can find no legal authority to support this position as applicable to the record facts and the question at issue in the instant proceedings.

In Seig v. Campbell, 43 Lanc. L. R. 106, it was decided that the record of the alderman must show affirmatively in an action of trespass for damages arising from the use and operation of a motor vehicle that plaintiff had the damage repaired as shown by a receipted bill properly sworn to by the party making such repairs, or by his agent, as provided in section 1208 of The Vehicle Code as amended June 22, 1931, P. L. 751. That case held that the alderman for that reason had no jurisdiction. This objection relates to the regularity of the proceedings of the alderman rather than his jurisdiction.

Accordingly, the court concludes that the alderman was without jurisdiction under the record facts of this case.

And now, October 9, 1936, the judgment entered in this case by the alderman is reversed.

From George Ross Eshleman, Lancaster.