## Commonwealth v. Bennett

*John P. Butt*, district attorney, for Commonwealth.
*Keith & Bigham*, for defendant.
*Samuel S. Neely*, amicus curiæ.

SHEELY, P. J., May 26, 1938.—This is a motion to quash summary proceedings instituted before a justice of the peace and a petition by the justice of the peace to amend his transcript. Both questions will be disposed of in this opinion.

The motion to quash is based upon failure of the record to show that the justice of the peace sent by registered mail to defendant a notice in writing of the filing of the information, etc., as required by section 1202 of The Vehicle Code of May 1, 1929, P. L. 905, and upon the alleged insufficiency of the information filed. Defendant waived a summary hearing before the justice of the peace and entered bail for court under the provisions of section 1204 of The Vehicle Code, supra. The right of defendant to question the regularity of the proceedings and the jurisdiction of the justice of the peace under these circumstances is established in Commonwealth v. Myers, 22 D. & C. 586 (1935), and Commonwealth v. Harned, 25 D. & C. 578 (1936).

The justice of the peace has filed a petition to amend his transcript so as to show that on January 5, 1938, he received the information in question and prepared the notices, etc., required under section 1202 of The Vehicle Code; that on January 6, 1938, defendant appeared in person at the office of the justice of the peace and requested the justice to deliver the copy of the information and the notice to him personally so that he would not have to go to the post office to receive the registered let-

ter; that the justice did, on that date, deliver the notice and the copy of the information to defendant, but in making up his docket and transcript he inadvertently failed to insert these facts. Defendant filed an answer to this petition challenging the right of the justice of the peace to amend his transcript, but not denying the facts alleged in the petition.

The first question to be determined is whether the court may permit amendment of a transcript of a justice of the peace after it has been returned to court, so as to include facts omitted from the record and the transcript but recalled by the justice of the peace.

If the justice of the peace fails to give the notices required by section 1202 of The Vehicle Code, as amended, 75 PS §732, he does not have jurisdiction: Commonwealth v. Myers, 40 Dauph. 215 (1935). This is true even though defendant waives a hearing before the justice of the peace and enters bail for court, as in this case: Commonwealth v. Hastings, 42 Lanc. L. R. 340 (1930). But, if defendant did in fact receive the required notices, he cannot complain: Commonwealth v. Killian, 44 Lanc. L. R. 523 (1934). The record in this case contains no reference to the notices required by section 1202, and unless the record can be amended the motion to quash must be granted.

The right to amend has been liberally construed not only as applied to pleadings, but also as applied to sheriffs' and constables' returns and to transcripts of justices of the peace. The courts are more concerned with substance than with form and there seems to be no good reason why a record which is defective in form should not be amended to show the true facts, particularly where the rights of the parties are not prejudiced by the amendment. In Ristau et ux. v. Crew-Levick Co., 109 Pa. Superior Ct. 357 (1933), the court of common pleas permitted an amendment to the return of a writ of summons after the record was returned to court on a certiorari. The Superior Court, at page 362, said:

"Having the right to amend, the court below should have disposed of the case upon the record as it appeared according to its amended character."

The right to amend the record is therefore definitely recognized by this case. In Herron v. Corbett, etc., 22 D. & C. 595, 596 (1934), the case of Ristau et ux. v. Crew-Levick Co., supra, is cited as definitely affirming "the doctrine that the court of common pleas may permit an amendment even after certiorari, and after transcript filed." See also Jobe v. Fullaytar, 64 Pitts. 477 (1916).

If the court of common pleas may permit an amendment to a justice's record after certiorari and after transcript filed, the court of quarter sessions, to which a summary proceeding is removed by defendant, should have at least as great power to permit amendments. In the latter case the court is hearing the case in the first instance in place of a justice, while in the former the court is passing upon the completed record of the proceedings before the justice of the peace. The amendment proposed in this case is a proper amendment and, since the truth of the facts alleged is not questioned by defendant, the amendment is allowed.

The information charges that on route 234, Biglerville Borough, Adams County, on December 27, 1937, at about the hour of 8:45 a.m., defendant did "unlawfully operate a Ford truck bearing Penna. Reg. No. T375E in violation of section 1003, Act 403 which reads as follows: 'Whenever any person driving a vehicle approaches an interurban or steam railway grade crossing, and a clearly visible and positive signal gives warning of the immediate approach of a railway train or car, it shall be unlawful for the driver of the vehicle to fail to bring the vehicle to a complete stop before traversing such grade crossing.' "

The statute referred to is section 1003 of The Vehicle Code. The information properly alleges the time and place of the alleged offense and that the violation occurred while defendant was operating a Ford truck bearing

Pennsylvania registration no. T375E. The question presented is whether an information is sufficient which alleges that defendant violated a certain recited statute without specifying the acts of defendant which are alleged to be in violation of the statute.

The Commonwealth has called to our attention no case in which an information of this type was sustained. Defendant has cited the decision of this court in Commonwealth ex rel. Epley v. Warren, no. 147 Aug. term, 1936, and Commonwealth v. Harned, supra. In those cases informations were held to be insufficient which charged defendant with violation of a certain section of The Vehicle Code. The present case differs from those cases in that here the section of the statute alleged to be violated is copied into the information verbatim.

The result, however, is the same. Defendant is not charged with having done any acts, the doing of which would constitute an offense. Instead, he is charged with having violated a statute, and we are asked to conclude therefrom that he did the acts necessary to constitute a violation of that statute. The information contains a conclusion of law rather than an allegation of fact, and a conclusion of law is not proper in an information: Sadler on Criminal Procedure (1st ed.) sec. 211.

In Commonwealth v. Haines, 55 Pa. Superior Ct. 359, Judge Porter said:

"The purpose of a preliminary written charge and hearing before a justice is to inform the defendant as to the offense with which he is charged and to ascertain whether there are sufficient grounds for holding him for trial."

Of course, "it is not required that an information be skillfully drawn," and "Committing magistrates are not usually learned in the law, and all that should be required of them, is a plain statement of the charge laid": Commonwealth v. Miller et al., 77 Pa. Superior Ct. 469, 471. The plain statement of the charge laid required un-

der this rule, however, is a statement of the acts alleged to have been committed by defendant and not a mere conclusion of law, as in this case.

The information in this case is insufficient and, since this type of defect cannot be amended, defendant's motion to quash must be granted.

And now, May 26, 1938, defendant's motion to quash the proceedings instituted before the justice of the peace in the above case is granted and defendant is discharged without day, the costs to be paid by the county.