## Atkins v. Flaherty

Before Marshall, Ellenbogen and Montgomery, JJ.

*Max U. Applebaum*, for plaintiff.

*Barney Phillips*, for defendants.

MARSHALL, J., November 14, 1958.—A suit in assumpsit was entered on May 12, 1958, in the office of Henry V. Karthauser, justice of the peace, by Mrs. Leroy Atkins, defendant in error, against Mr. and Mrs. Martin Flaherty, plaintiffs in error, to recover the sum of $359.71 for "Overdue Bill for Roofing." Judgment by default was entered May 23, 1958,

against both defendants. On June 26, 1958, plaintiff in error applied for a writ of certiorari at the above number and term of court. The transcript filed by the justice of the peace discloses that service of the summons was made upon Mr. and Mrs. Martin Flaherty by handing a true and attested copy thereof to Mrs. Martin Flaherty at her residence. There is no mention of any service of the summons upon Mr. Flaherty, the codefendant.

However, the justice of the peace subsequently filed a substitute transcript and notified the court that the transcript originally filed did not fully report the return of process of service as it appears in his docket. This substituted transcript states that service of the summons was made upon Mrs. Flaherty personally by handing her a copy at her residence and that service was made upon Mr. Flaherty by handing a true and attested copy thereof to Mrs. Flaherty, an adult member of the Martin Flaherty family at their residence.

It is to be noted that the writ of certiorari was not applied for within 20 days of the rendition of judgment as required by the Act of March 20, 1810, P. L. 208, 42 PS §951. Nevertheless, the law is well settled that the time limitation prescribed by this act for issuance of certiorari to a judgment of a justice of the peace does not apply to a judgment which is void for want of jurisdiction (Singer Company v. Tailorcraft Company, 4 D. & C. 2d 620), as where no legal service of process has been made: Pennetti v. Reynolds, 88 Pitts. L. J. 476.

It is the contention of plaintiffs in error that since no service was made upon Mr. Flaherty, the judgment was null and void. However, with the substitution of the transcript of the record, we are of the opinion that valid legal service was made upon both plaintiffs in

error. The question to be determined in this case is whether the court may permit the substituted transcript.

The courts are more concerned with substance than with form and therefore, a transcript which is defective and does not represent the true facts should be amended. The right to permit an amendment even after certiorari and after a transcript has been filed was recognized in Ristan v. Crew-Levick Co., 109 Pa. Superior Ct. 357. See also Commonwealth v. Bennett, 32 D. & C. 542, and Herron v. Corbett, 22 D. & C. 595.

The transcript subsequently filed herein states that service was made upon defendant Mr. Martin Flaherty by handing a true and correct copy thereof to Mrs. Martin Flaherty, an adult member of the Martin Flaherty family at their residence. This constitutes valid legal service upon the defendant Mr. Martin Flaherty. See Pa. R. C. P. 1009 (*b*) (2).

Although Mrs. Flaherty has filed an affidavit to the effect that the constable did not leave a copy of the summons with her for her husband, we are of the opinion that since this matter is before us on a writ of certiorari, we are bound by the facts as set forth in the transcript and cannot consider other testimony.

For the reasons set forth above, the writ of certiorari will be refused.

### Order

And now, to wit, November 14, 1958, after argument, the submission of briefs and consideration thereof, it is hereby ordered that the writ of certiorari is refused.

Eo die, exception noted and bill sealed.