# Public Service Commission, Appellant, *v.* Beaver Valley Water Co.

*Public service companies—Rates—Confiscation—Due process of law—Constitutional law.*

1. Due process of law requires that some judicial tribunal, upon its own independent judgment as to both law and facts, shall determine whether or not rates, which the Public Service Commission allows a utility company to charge, are confiscatory.

2. Confiscation necessarily results if a utility company is prevented from receiving a proper return upon its assets devoted to and used for public purposes.

*Appeals—Superior Court—Public service companies—Principles of appeals in equity.*

3. On an appeal from an order of the Public Service Commission, the Superior Court is the judicial tribunal, charged by the Public Service Company Law with determining, in the first instance, the reasonableness of the rates allowed.

4. From the determination of the Superior Court in such cases, the Supreme Court, on appeal thereto, acts solely as an appellate court, and considers only alleged errors of law appearing of record and assigned as error, exactly as in other cases of appeal thereto.

5. Such appeals are to be considered and determined on the same principle as appeals in equity.

6. In all appealed cases, unless it is provided otherwise by statute, only alleged errors of law are considered by the Supreme Court.

7. If there is substantial evidence to sustain a fact alleged to have been erroneously found, the finding must be sustained; but if there is not such evidence it must be reversed, for, in that event, it was an error of law to have found it.

8. This is so even where the finding depends on the testimony of witnesses whom the court below did not see.

9. The plant should be valued as a going-concern, and not merely as a constructed but idle plant.

10. A reasonable brokerage, paid in marketing the bonds of a utility company, for the purpose of obtaining money to construct its plant, should be allowed as a principal item, in determining the value of its property.

11. Unless it has been abused, the Supreme Court will not reverse the exercise of discretion given by the Public Service Company Law to the Superior Court, in determining appeals from the commission, to either reverse the commission or to remit the record to it for further proceedings.

12. If, on the findings of the Superior Court, the rates under consideration are reasonable, it is not an abuse of discretion to reverse the commission and dismiss the complaints.

Argued March 24, 1921. Appeal, No. 92, Oct. T., 1921, by the Public Service Commission, from judgment of Pa. Superior Court, April T., 1917, No. 88, reversing order of Public Service Commission, in case of Solon C. Thayer et al., and the Public Service Commission, v. Beaver Valley Water Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from judgment of Superior Court. See 76 Pa. Superior Ct. 255.

The opinion of the Supreme Court states the facts.

The Superior Court reversed the order of the Public Service Commission. The commission appealed.

*Errors assigned* were findings of Superior Court as stated in the opinion of the Supreme Court.

*Frank M. Hunter,* with him *John Fox Weiss,* for appellant.

*Joseph A. Beck,* for appellee.

Opinion by Mr. Justice Simpson, July 1, 1921:

Complaints having been filed by Solon C. Thayer and others against the duly published schedule of rates of the Beaver Valley Water Company, the Public Service Commission considered the questions raised, refused to allow any valuation on certain of the items which the water company claimed formed part of its plant, decreased the valuation on others, and made an order which would have resulted in a reduction of the rates. The water company appealed to the Superior Court, which affirmed the order of the commission (71 Pa. Superior Ct. 43), solely because of our opinion in the case of Ben Avon Borough et al. v. Ohio Valley Water Company, 260 Pa. 289. We allowed an appeal, but retained the record pending a decision by the Supreme Court of the United States, to which an appeal had been taken in the last named case. When it was decided therein (253 U. S. 287) that "The State must provide a fair opportunity [to the utility company] for submitting that issue [of confiscation by fixing too low a rate] to a judicial tribunal for determination upon its own independent judgment as to both law and facts, otherwise the order is void because in conflict with the due process of law clause, Fourteenth Amendment," we remitted the in-

stant case to the Superior Court, with directions to exercise its "independent judgment" as provided in that opinion. This resulted in a reversal of the finding of the commission on a number of points, and an order remanding "the record [to it] with directions to dismiss the complaints." From this decree we allowed another appeal; but restricted the argument thereon to the questions hereinafter stated, which are the same as those considered in Ben Avon Borough et al. v. Ohio Valley Water Company, the opinion in which latter case will be handed down herewith [the preceding case].

The first of the questions thus prescribed is: "The scope of review to be made by the Supreme Court of the decision of the Superior Court, whether it shall go beyond ascertaining if there is any evidence on the record to sustain the final conclusion of the Superior Court." In our last opinion in Ben Avon Borough et al. v. Ohio Valley Water Company, we decided, as we do here also, that the findings of fact by the Superior Court must be accepted as correct, unless there is no substantial evidence to support them; our reasons for so holding are stated in that opinion.

The next point is: "The constitutional question of confiscation presented to and decided by the Superior Court." Under numerous authorities it is settled that if the rates allowed to a public service company are inadequate to provide a reasonable return on the property invested in the enterprise, the result is confiscation. The water company here claims that the Public Service Commission erred in its valuation of a number of items, which would result in such a reduction of the rates as to be confiscatory, and the Superior Court sustained their contention as to some of them. The utility company and complainants do not now object to any of those findings, but the Public Service Commission prosecutes this appeal as to certain of them.

For brevity and clarity we will briefly review the assignments of error relating to the items still in dispute,

under the heads adopted by the commission in its paper-book, the first being (1) Should an allowance have been made for the value of the duplicate pipe-lines in Beaver Falls? The witnesses agreed that both sets of lines were in fact used, but differed as to the necessity therefor at the present time; the Superior Court found that "they are used by the company, and, in our judgment, they are useful," and allowed their value. This was a question of fact, which, for the reason stated, we will not review.

(2) Whether an allowance should have been made for the value of the Peoples Warehouse in Beaver Falls? The Superior Court found as a fact that "it is both used and useful, and should have been allowed at the agreed value of $5,000." This finding of fact, for a like reason, must be sustained.

(3) What was the fair reproduction cost of the East-vale dam, exclusive of the west abutment? The average value testified to by witnesses for appellants was $41,785, and by witnesses for appellee $122,000. The Superior Court conclusively settled this question of fact, so far as concerns this appeal, by finding it worth $108,120.

(4) Should any allowance have been made for the re-production cost of the west abutment of this dam? The Superior Court found that it was built by the Pittsburgh & Lake Erie Railroad Company, for and as a part of the dam of appellee, under an agreement that, in consideration thereof, it could be used for railroad purposes also. Under this finding of fact the Superior Court properly allowed its value.

(5) What was the value of appellee's interest in the New Brighton dam? On conflicting evidence, the commission found it was $16,300, whereas the Superior Court allowed $29,842.78 therefor, which finding, for the reason stated, we will not review.

(6) Should the commission have allowed a "going-concern" value in appraising appellee's property? In our last opinion in Ben Avon Borough et al. v. Ohio Valley Water Co., we decided such an allowance was

proper.  In the instant case, the commission refused to allow anything, saying in its report it "finds that the respondent has failed to sustain its claim for 'going-value.'"  The Superior Court disagreed with this conclusion, and made an allowance, the amount itself not being challenged by appellant.  We, of course, must sustain this finding.

(7) Should a brokerage commission have been allowed?  Appellant says "there was no adequate or convincing proof of money actually spent" therefor.  The Superior Court decided otherwise, and that ends the matter so far as we are concerned, for there was evidence to sustain the amount allowed, and the form of the objection assumes, as the fact is, there was some "proof" it was paid.  That brokerage, if paid, should be allowed as a capital charge, we have decided in our last opinion in Ben Avon Borough et al. v. Ohio Valley Water Company.

The last specified subject for argument is: "The propriety of the form of the order entered by the Superior Court."  The Public Service Company Law gives to that court the power to "enter a final decree reversing the order of the commission, or in its discretion it may remand the record to the commission with direction to reconsider the matter and make such order as shall be reasonable and in conformity with law."  In the instant case, the court,—having found that a proper valuation of the assets of the water company, would require an approval of the rates specified in the schedule under consideration, in order to avoid confiscation,—directed a dismissal of the complaints.  Under such circumstances, this was a proper, indeed a necessary, result of the exercise of its discretion.

The decree of the Superior Court is affirmed and the appeal is dismissed at the costs of appellant.