Littlejohn et al. *v.* Rincoe, Appellant.

Argued October 28, 1946. Before BALDRIGE, P. J., RHODES, RENO, ROSS and ARNOLD, JJ. (HIRT and DITHRICH, JJ., absent).

*Henry M. Dubbs, Jr.,* for appellant.

*Norman R. Bradley,* for appellees.

OPINION BY RENO, J., November 14, 1946:

In possessory proceedings a magistrate entered judgment for the owners against the tenant, appellant here, upon the termination of a month-to-month lease. The tenant appealed to the court below which, upon appellees' motion, struck off the appeal because the lease contained a waiver of appeal. The appellees hold the lease by assignment, and the only question raised by the tenant's appeal to us, is: Does the waiver of appeal accrue to the assignee? If appellant has any other complaint, it was not disclosed to us, to the court below, or to the magistrate.

The lease was executed on July 24, 1945 by Sylvester A. Lowery, agent, as lessor, and George Rincoe and his

wife, as lessees, and contained a provision: "Lessee expressly agrees that any judgment, order or decree entered against him by or in any Court or Magistrate . . . shall be final, and that he will not take an appeal, certiorari, writ of error, exception or objection to the same . . ." It also provided: "The right to enter judgment against Lessee and *to enforce all of the other provisions of this lease,* hereinabove provided for may, at the option of any assignee of this lease, be exercised by any assignee of the Lessor's right, title and interest in this lease in his, her or their own name, notwithstanding the fact that any or all assignments of the said right, title, and interest may not be executed and/or witnessed in accordance with the Act of Assembly of May 28, 1715, 1 Sm. L. 99 . . ." (Italics supplied).

On April 10, 1946, Lowery, by an endorsement upon the lease, assigned: "all my right, title and interest *in the within premises* and all benefit and advantages to be derived therefrom" to Karl and Anna Schuett, who, on the following day in the same way assigned: "all our right, title and interest *in the within lease* and all benefit and advantages to be derived therefrom" to appellees. (Italics supplied).

Appellant stands squarely upon *Curry v. Bacharach Quality Shops,* 271 Pa. 364, 117 A. 435. There the assignee of a lease for three years which by a collateral agreement had been extended to ten years at the lessee's option, entered judgment upon a confession contained in the lease four days after the expiration of the original three year term. The assignee was not permitted to invoke the waiver of appeal clause because, in the circumstances of that case, the assignee was perverting the clause, using it (p. 372) "in fraud of one of the parties' rights". Said Mr. Justice KEPHART, later Chief Justice, (p. 374) : "It [waiver of appeal] is merely intended to insure the honest exercise of a remedy by the lessor against an attack from the lessee. *It should not be made to insure against a dishonest effort.*" In the

case at bar, appellees seek possession after a month-to-month lease has admittedly been terminated, no defense going to the merits of the case or raising a defect in the proceedings has been interposed, and there is not the slightest evidence of unconscionable use of the waiver clause.

Furthermore, in the *Curry* case, the right of the original lessor to assign extended only to the "rights, remedies and liabilities", and the waiver of appeal was held to be neither a right nor a remedy. Here the power of assignment contained in the original lease included "the right to enter judgment against Lessee and to enforce all of the other provisions of this lease," which effectually embraces the provision containing the waiver of appeal.

The first assignment, as noted, refers to "the within premises" and this, appellant argues, means that appellees took from their assignors only what they had secured from Lowery, i. e., an assignment of the premises, and not a transfer of the lease. The assignment was endorsed upon the lease, and the intention undoubtedly was to assign the lease upon which it was endorsed. "Premises" has no fixed legal significance, and its various meanings depend upon the context in which it is found. 49 C. J., p. 1327. Generally, and in a popular sense, it usually refers to lands and tenements, *Hilton's Appeal,* 116 Pa. 351, 9 A. 342, but it may include contract rights as well, *Northfield Nat. Bk. v. Ellis Granite Co.,* 100 Vt. 11, 134 A. 395, and in *Teutonia Fire Ins. Co. v. Mund,* 102 Pa. 89, 93, it was said that the word "in an instrument of writing implies a reference to previous matter contained therein." Employed in an endorsement upon a lease it must mean the foregoing matter, that is, that the lease is the subject of the assignment, or it is without meaning. The form of an assignment is immaterial so long as the intention to transfer the reversion is clearly manifested. 3 Thompson on Real Property, §§1396, 1397. There can be no doubt that there was an intention to

assign the lease, "and all benefit and advantages" to the Schuetts.

The *Curry* case does not adversely rule a case such as this, where no defense exists other than that arising from the waiver of appeal, and the waiver is relied upon in the honest exercise of an undoubted right to repossess the demised premises, the lease for which has expired. The only effect of denying to appellees the benefit of the waiver clause would be to require them to try the case in the court below where no issue has been raised by a statement or notice of a defense, and thus subject them to further delay and expenditures in securing possession of their dwelling-house in which they desire to reside.

Judgment affirmed.