## Polis *v.* Raphael et ux., Appellants.

Argued March 11, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Robert H. Arronson,* for appellants.

*Israel Packel,* for appellee.

OPINION BY HIRT, J., April 16, 1947:

This action was brought by plaintiff under the Act of March 31, 1905, P. L. 87, 68 PS 366, to recover, for his own occupancy, an apartment which defendants had refused to surrender on the expiration of the term of the written lease. After hearing, judgment of possession was entered for plaintiff, whereupon defendants caused a writ of certiorari to issue to the magistrate.

The magistrate's transcript is complete in all material respects; it recites the terms of the written lease entered into by defendants with plaintiff and his wife, and that permission had been obtained from the Office of Price Administration to evict the defendants. The transcript also quotes the provision of the lease in which defendants agreed that any "judgment, order or decree entered against him by me in any Court or Magistrate by virtue of the powers of Attorney contained in this lease, or otherwise, shall be final and that he will not appeal, or take certiorari . . ." therefrom.

On inspection of the transcript in this case the lower court well might have granted plaintiff's petition to strike off the certiorari because of defendants' waiver in the lease. There is nothing in the law preventing a lessee from waiving his right to a review of a judgment of eviction by appeal or certiorari. That has been decided many times since *Cuncle v. Dripps*, 3 P. & W. 291. There was no unconscionable use of the waiver nor perversion of it in plaintiff's effort to regain possession of the premises. Since the remedy was honestly exercised plaintiff was entitled to immediate possession upon entry of judgment in this proceeding in his favor. Cf. *Curry v. Bacharach Quality Shops, Inc.*, 271 Pa. 364, 117 A. 435; *Littlejohn et al. v. Rincoe*, 159 Pa. Superior Ct. 588, 49 A. 2d 533.

The lower court, after argument, dismissed defendants' exceptions on certiorari, in effect, affirming the judgment. There is no merit in any of the questions raised by defendants' appeal from that order. Certiorari brings up for review nothing but the record. Irregularities appearing on the face of the record may be corrected on review, (*Lynch v. Hickey*, 152 Pa. Superior Ct. 129, 31 A. 2d 449) but, in this case because of defendants' waiver, only such irregularities as amount to a fundamental lack of authority to enter the judgment. Procedural errors or deficiencies were waived by defendants in the lease. *Grakelow v. Kidder*, 95 Pa. Superior Ct. 250; *Curry v. Bacharach Quality Shops, Inc.*, supra.

Defendants contend that the record does not show that plaintiff served them with a written notice to quit. The transcript recites that plaintiff on July 1, 1946, "sent the Defendants notice to vacate on or before August 1, 1946 in accordance with the local law and terms of the lease." This language negatives a notice by parol and implies service in accordance with the Act of 1905, when read in the light of the magistrate's conclusion that defendants "had adequate notice to quit." Cf. *Roming v. Shivers*, 156 Pa. Superior Ct. 205, 208, 39 A. 2d 786. On certiorari every presumption consistent with the record, is to be made in favor of the regularity of the proceeding. *Ristau et ux. v. Crew Levick Co.*, 109 Pa. Superior Ct. 357, 167 A. 800. For this reason also we are unable to say that the summons was not properly served. The constable made this return thereon on September 6, 1946: "Served on *defendant* by handing a true and attested copy thereof, at *their* place of residence, to an adult member of the family with which *they* resided." (Emphasis added.) Strict formality is not to be insisted upon in civil proceedings before a magistrate (*Snyder v. Carfrey*, 54 Pa. 90) especially here, since the action was not for a money judgment as in *Mamlin v. Tener*, 146 Pa. Superior Ct. 593, 23 A. 2d 90. Defendants had notice of the action by service of the summons by copy delivered to an adult member of their family "at their place of residence." The return of the constable is conclusive of that fact. *Holly v. Travis*, 267 Pa. 136, 110 A. 230. In any view, the above complaints go to matters of procedure which were within defendants' waiver. *Consumers Min. Co. v. Chatak*, 92 Pa. Superior Ct. 17.

The lease, recognizing plaintiff as a party to it gives him standing to bring this action. Defendants complain that plaintiff's wife, who signed the lease was not joined with him as a party to the action. She should have appeared as a party-plaintiff but her non-joinder not only was a procedural deficiency merely but was such defect as could be cured by amendment. Goodrich-Amram, §2232(c).

The order is affirmed.