## Rhodes Gasoline and Oil Service v. Marra

*Charles S. Smith*, for plaintiff.

*Jerome E. Brose*, for defendant.

BARTHOLD, P. J., June 14, 1955.—This case is before the court upon certiorari from a judgment entered by a justice of the peace upon a claim for goods sold and delivered.

Plaintiff instituted a suit in assumpsit against defendant before R. S. Daniel, a justice of the peace of Wind Gap Borough, Northampton County, to recover the sum of $127.77 for fuel oil sold and delivered to defendant. On March 31, 1953, the justice issued a summons to Constable Elwood F. Flick returnable April 7, 1953, between the hours of 6 and 7 p.m. The transcript of the justice discloses that the constable made the following return of the summons: "Served the within writ April 1st 1953 at 12:10 P.M. by handing a true and attested copy of summons to an adult member of defendant's family at defendant's residence in Northampton County." A hearing was duly held before the justice on April 7, 1953, at 7 p.m. Plaintiff appeared and established its claim by sworn testimony. Defendant did not appear either in person or by counsel, whereupon judgment was publicly entered in favor of plaintiff and against defendant in the sum of $127.77, the full amount of the claim with costs.

On May 8, 1953, defendant filed a præcipe for a writ of certiorari, which writ was duly served upon the justice the same day. The official transcript of the proceedings was returned to the court of common pleas on May 14, 1953. On May 29, 1953, defendant filed four exceptions to the record. For reasons unknown to us the case remained dormant until March 8, 1955, when plaintiff filed a præcipe to place the case upon the argument list. The matter was argued on May 3, 1955, at which time defendant pressed the single exception that the justice of the peace was without jurisdiction of the person of defendant because

the service of the summons was not made by a constable of the district where defendant resided or could be found, or the constable next most convenient to defendant.

The exception is based upon the Act of April 27, 1911, P. L. 86, sec. 1, 42 PS §421, which provides:

"From and after the passage of this act, any summons issued by an alderman or justice of the peace may be directed to and served by any constable of the county within which the defendant and said alderman or justice of the peace reside: Provided, That the costs of service of said constable shall not exceed what the costs of service would have been if the summons had been directed to and served by the constable of the township, ward, or district where the defendant usually resides or can be found, or by the next constable most convenient to the defendant, as provided for in the act of March twentieth, one thousand eight hundred and ten."

Defendant contends that the Act of 1911 permits any constable of the county to serve a summons only if the costs of service are no greater than if served by a constable of the district where defendant usually resides or can be found, or by the next constable most convenient to defendant, and that if any other constable serves the summons and charges a fee in excess of that permitted under the act the justice of the peace is without jurisdiction. The contention is based upon the assumption that Constable Flick, to whom the summons in this case was issued, was not the constable of the district where defendant resided or could be found, or was not the next constable most convenient to defendant within the meaning of the act. There is no basis for the assumption, inasmuch as the justice's record does not show on its face that Constable Flick was not the proper constable to serve the summons. For this reason we are unable to say that the provisions of the Act of 1911 were violated.

A certiorari to a justice of the peace brings up for review nothing but the record and every presumption consistent with the record is to be made in favor of the regularity of the proceeding: Polis v. Raphael, 160 Pa. Superior Ct. 544, 547; Ristau v. Crew Levick Co., 109 Pa. Superior Ct. 357.

Even if it is assumed that Constable Flick was not the constable in the district where defendant resided or could be found, or was not the next constable most convenient to defendant, this would not oust the jurisdiction of the justice of the peace. Defendant had notice of the action by service of the summons by copy delivered to an adult member of his family "at defendants' residence in Northampton County". The return of the constable is conclusive of that fact: Polis v. Raphael, supra; Holly v. Travis, 267 Pa. 136.

It is our considered judgment that the proviso of the Act of 1911 does not qualify the right of any constable in the county to serve a summons, but merely prevents the justice from permitting the constable to collect costs in excess of what they would have been had the summons been served by the constable in the district where defendant resided: Sick v. McGuire, 11 Pa. Justices' L. Rep. 34 (Sullivan County); Sanders v. Eckman, 17 D. & C. 67 (Northumberland County); Urich v. Uhrich, 24 Dist. R. 1042 (Lancaster County). In so holding, we have carefully considered the decisions of the Lackawanna courts in Bell v. Blum Bros., 36 Lack. Jur. 112; Whinney v. Hamilton, 27 D. & C. 516, and Grahamer v. Fadden, 86 D. & C. 591, wherein it was held that the Act of 1911 permits any constable of the county to serve a summons only if the costs of service are no greater than if served by a constable of the district where defendant usually resides or can be found, or the constable next most convenient to defendant, and that if any other constable serves the

summons and charges a fee in excess of that permitted under the act the justice is without jurisdiction. In our opinion this construction would lead to the absurd and unreasonable result. that process once properly served by a constable could thereafter be invalidated by the imposition of an excessive charge of said service.

The title of the Act of 1911 indicates that the act was passed "To enlarge the powers of constables, in the service of summons issued by aldermen and justices of the peace". It specifically provides that, "any summons issued by an alderman or justice of the peace may be directed to and served by any constable of the county within which the defendant and said alderman or justice of the peace reside". Then follows the proviso which directs that "the costs of service of said constable shall not exceed what the costs of service would have been if the summons had been directed to and served by the constable of the . . . district where the defendant usually resides or can be found, or by the next constable most convenient to the defendant, as provided for in the act of March twentieth, one thousand eight hundred and ten".

Under the Act of March 20, 1810, P. L. 208, 5 Sm. L. 162, 42 PS §422, the justice was required to direct the summons "to the constable of the township, ward or district, where the defendant usually resides, or can be found, or to the next constable most convenient to the defendant". The Act of 1911 enlarged the provisions of the Act of 1810 so as to permit the summons to be directed to and be served by any constable of the county within which defendant and said alderman or justice of the peace reside. Patently, the legislature did not intend that the enlarged powers given to constables under the Act of 1911 should be nullified by the act of a constable in charging excessive fees for service and thereby render the first portion of the Act of 1911 ineffective.

It is a fundamental rule of statutory construction that, in ascertaining the intention of the legislature in the enactment of a law, the court may be guided by the presumption, among other things, that the legislature does not intend a result that is absurd, impossible of execution or unreasonable, and that the legislature intends the entire statute to be effective and certain: Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 52(1), (2), 46 PS §552.

### Order

And now, June 14, 1955, defendant's exception is overruled and the judgment of the justice of the peace is hereby affirmed. An exception is noted and bill sealed for defendant.