## Commonwealth v. Asbee

*Robert L. Knupp*, for Commonwealth.
*Michael D. Bull*, for defendant.

KREIDER, P. J., October 7, 1971.—This case is before us on exceptions filed to the record of the District Justice of the Peace after the court issued a writ of certiorari on defendant's petition therefor. Defendant was charged with driving his automobile at 72 miles per hour in Swatara Township, Dauphin County, Pa., in a zone whose maximum allowable speed was 50 miles per hour, thereby violating section 1002(b)(8) of The Vehicle Code of 1959, 75 PS § 1002(b)(8).

As stated in defendant's brief, "The only question raised by your petitioner is whether the transcript reveals whether the District Justice had jurisdiction in this matter."

The transcript avers, inter alia, that

"Tpr. Ronald Hill sworn and testified that *on the day and date of this complaint* he was running radar on interstate 83 *in Swatara Township* for Traffic traveling west on *Rt. 83.* Officer Hill testified that he had the radar car set up in the west bound berm *opposite Exit 26*, . . . that he was observing traffic traveling west when he observed a Plymouth Sta. Wgn.

which traveled through his radar beam at the rate of speed of 72 mph when the official and legal speed for this highway is 50 mph. . . .

". . . and that the Plymouth Station Wagon was the only vehicle traveling west and passed through his radar beam at this time."[1]

It was not denied, and the court takes judicial notice, that Swatara Township is a part of the magisterial district within the territorial jurisdiction of the District Justice of the Peace, Harry W. Sheaffer, Sr., nor can it be questioned that he had jurisdiction of the subject matter, viz., an alleged violation of The Vehicle Code. The transcript, which is typed on the back of the information (complaint), reviews the evidence presented by the Commonwealth and defendant and reveals that no question of jurisdiction was raised at any time, and that Trooper Hill was cross-examined by defendant's counsel who thereafter called defendant to the stand to testify in his own behalf.

The justice's transcript, after summarizing at length the testimony of the witnesses, contains the following statement:

"I, the Justice, find the evidence reasonably well founded and find the defendant guilty as charged."

Whereupon, defendant was sentenced to pay a fine of $10 and costs.

The information sets forth that it was made before Harry W. Sheaffer, a magistrate in and for District 2-1 of Dauphin County, Pa., and avers that in the Township of Swatara, county and State aforesaid, defendant exceeded the speed limit in violation of "The Vehicle Code, Section 1002, Subsection (b), Paragraph

---

[1] Emphasis throughout ours unless otherwise noted.

8." The transcript specifically designates the speeding violation as having occurred in Swatara Township on Interstate Highway 83 opposite Exit 26. Reference is made to the day and date of the violation as set forth in the "Complaint." The evidence was summarized and the magistrate declared that he, the justice, determined that the evidence was reasonably well founded and found defendant guilty as charged.

A case somewhat analogous to this one is Commonwealth v. Gerhart, 60 Lanc. L. Rev. 185 (1966). There it was held that where the record of the District Justice contained a resume of the facts set forth in the information and had attached to it a copy of the information, the court was justified in rejecting defendant's contention that the summary of the testimony in the record was insufficient to support a conviction for speeding under The Vehicle Code. As was stated by Judge Brown, speaking for the Lancaster County court, page 187:

". . . While the face of the transcript does not repeat every detail of the language of the information, it seems clear to the court that the resume of the information contained in the transcript, to which is attached a true and correct copy of the information, is certainly sufficient and rather than consider this incorporation of the facts alleged in the complaint a reference thereto, the court feels that *this is a restatement of said facts amply supported* by an exact copy of the information or complaint. The court therefore feels there is no merit in the first exception of the defendant. As stated by Judge Johnstone, of this court, in COMMONWEALTH vs. COBLE, 56 Lancaster Law Review 127 (1958), at page 128, 'A writ of certiorari is used to secure a review of the record of an inferior court by a superior court to the end that

errors appearing on the record may be corrected. Only such irregularities as appear on the face of the record may be reviewed and corrected: POLIS v. RAPHAEL, 160 Pa. Superior Ct. 544. . . . Under the principles just recited the conviction and sentence made by the alderman must not be disturbed unless there are errors on the face of the record which make the conviction and sentence a nullity.' Certainly there is nothing in the so-called incorporating the facts by reference as set forth in defendant's first exception that would constitute an error on the face of the record which would make the conviction and sentence a nullity. In no way, in this court's opinion, was the defendant prejudiced by this procedure." (Italics supplied.)

In considering certiorari cases of this kind, and the highly technical objections frequently made therein, we must bear in mind the admonition of our appellate courts that every presumption consistent with the record must be made in favor of its regularity: Polis v. Raphael et ux., 160 Pa. Superior Ct. 544; Ristau et ux. v. Crew Levick Co., 109 Pa. Superior Ct. 357 (1933).

In our opinion the record in the present case sufficiently discloses that the District Justice of the Peace before whom the information was made had jurisdiction and the right to hear evidence and render summary judgment in a case which arose in his magisterial district in Dauphin County, Pa.

## ORDER

And now, October 7, 1971, defendant's exceptions filed to the transcript in this case are overruled and dismissed.