577 A.2d 242

COMMONWEALTH of Pennsylvania, Appellant,

v.

Leroy A. ASH and Nancy R. Ash, Appellees.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Robert J. BRINK, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Cheryl A. BRINK, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Chester G. KEATH, Appellee.

Commonwealth Court of Pennsylvania.

Argued April 5, 1990.

Decided July 18, 1990.

David C. Eaton, Nauman, Smith, Shissler and Hall, Harrisburg, for appellant.

No appearance for appellees.

Before DOYLE and SMITH (P.), JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

The Commonwealth of Pennsylvania [1] (Appellant) appeals from an order of the Court of Common Pleas of Perry County denying Appellant's request for review and affirming dismissal of four complaints filed by Appellant against the Appellees alleging violations of Rye Township Ordinance No. 87–06 (Ordinance). The trial court's action was pursuant to the issuance of a writ of certiorari by the prothonotary of Perry County upon praecipe of Appellant which sought to compel the district justice of Perry County to issue process on the complaints filed with the district justice. The trial court is reversed and this matter is remanded.

---

**1.** This appeal is brought on behalf of the Commonwealth of Pennsylvania by Rye Township acting through its agent, Capital Area Tax Collection Bureau.

The Ordinance was adopted by Rye Township (Township) on December 14, 1987 and provides for the collection of solid waste refuse within the Township and imposes a duty on Township residents to contract for collection with a licensed refuse collector if the Township fails to provide the service. In 1988, the Township entered into a contract with Capital Area Tax Collection Bureau whereby the Bureau agreed to collect the refuse fees assessed by the Township and any delinquent charges thereon. The Ordinance imposes a fine for violation of its provisions and, in default of payment of the fine imposed, imprisonment for not more than thirty days.

The four complaints presented to the district justice alleged summary offenses for violation of the Ordinance for failure to pay the refuse collection fees. The district justice accepted the complaints for filing, entered them in his docket but refused to issue process and instead dismissed each of the complaints. The only explanation provided by the district justice for his dismissal of the complaints is contained in a letter to Capital Area Tax Collection Bureau returning the complaints and stating that the district justice was doing so on the advice of the deputy legal counsel to the court administrator.

Appellant sought review by certiorari of the district justice's action asserting that he was without authority or discretion to decline to issue process. In his Memorandum of June 26, 1989, the trial judge stated that: "It is clear from the record that the district justice did not conduct a trial but rather dismissed primarily because he believed the use of the criminal process under the circumstances of this case was inappropriate." The trial judge found a presumption that the action of the district justice was correct, and consequently he could not find that the district justice abused his discretion in dismissing the complaints.

■ Article 5, Section 1 of the Pennsylvania Constitution recognizes the judicial power of district justices; however, their jurisdiction and authority are purely statutory in origin and they enjoy only those powers prescribed by the

legislature. *Fantastic Plastic, Inc. v. Flaherty,* 26 Pa. Commonwealth Ct. 11, 361 A.2d 489 (1976). Pa.R.Crim.P. 66 provides that upon the filing of a complaint, the issuing authority shall decide whether to issue process. Pa.R. Crim.P. 134(a) states that in any proceeding initiated by complaint, the issuing authority shall ascertain and certify on the complaint that:

> (1) the complaint has been properly completed and executed;
>
> (2) there is probable cause for the issuance of process, in the form of an affidavit; and
>
> (3) when prior submission to an attorney for the Commonwealth is required, that an attorney has approved the complaint.

Subsection (b) of Rule 134 provides that upon ascertaining the above matters, the issuing authority shall accept the complaint for filing and issue a summons or warrant of arrest as the case may be.

Although Pa.R.Crim.P. 66 vests the issuing authority with considerable discretion, Appellant argues that dismissal of the complaints was an abuse of this discretion because it overrode and misapplied the prescribed rule of law. *Mielcuszny v. Rosol,* 317 Pa. 91, 176 A. 236 (1934). Inasmuch as the district justice made no claim that the complaints failed to meet the requirements of Pa.R.Crim.P. 134(a), and indeed accepted the complaints for filing, Appellant contends that he had no authority to refuse to issue process.

Section 934 of the Judicial Code, 42 Pa.C.S. § 934, provides that the judges of the court of common pleas shall have the power to issue writs of certiorari to the minor judiciary only to consider questions of law. In the matter *sub judice,* a writ of certiorari was issued to review the legal basis upon which the district justice dismissed the complaints. *Commonwealth v. Reese,* 364 Pa.Superior Ct. 553, 528 A.2d 647 (1987). Certiorari brings up for review nothing but the record and the reviewing court is bound by

the facts as set forth in the record. *Polis v. Raphael,* 160 Pa.Superior Ct. 544, 52 A.2d 355 (1947).

Inasmuch as the record presented to the trial court failed to provide any explanation for the dismissal of the complaints, no meaningful review was possible. *See In re Clegg,* 356 Pa.Superior Ct. 251, 514 A.2d 596 (1986). Consequently, it is necessary that this case be remanded and that the district justice be required to either identify the deficiency of the complaints which caused him to dismiss them, or, in the event the complaints meet the requirements of Pa.R. Crim.P. 134(a), that he issue process thereon as required by Rule 134(b).

Accordingly, the order of the trial court is reversed, and this case is remanded to the trial court with instructions to remand to the district justice who shall either identify the legal deficiencies of the complaints to permit a meaningful review by the trial court or issue process thereon.

## ORDER

AND NOW, this 18th day of July, 1990, the order of the Court of Common Pleas is reversed, and this case is remanded to the trial court with instructions to remand to the district justice who shall either identify legal deficiencies in Appellant's complaints to permit review by the trial court or issue process thereon.

Jurisdiction relinquished.

Former President Judge CRUMLISH, Jr., did not participate in the decision in this case.