620 A.2d 705

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Chester B. KEATH.**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Cheryl A. BRINK.**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Robert J. BRINK.**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Leroy R. ASH and Nancy R. Ash.**

Commonwealth Court of Pennsylvania.

Argued Dec. 17, 1992.

Decided Feb. 4, 1993.

David C. Eaton, for appellant.

No appearance for appellees.

Before CRAIG, President Judge, McGINLEY, J., and LORD, Senior Judge.

McGINLEY, Judge.

The Commonwealth of Pennsylvania (Appellant) by Rye Township (Township), acting through its agent, Capital Area Tax Collection Bureau (Bureau) appeals from an order of the Court of Common Pleas of Perry County affirming a district justice's dismissal of four complaints filed against Chester B. Keath, Leroy and Nancy Ash, Robert J. Brick, and Cheryl A. Brink (collectively, Appellees).[1]

On December 14, 1987, the Township adopted Rye Township Ordinance No. 87–06 (Ordinance), which provides for the collection of solid waste "by the Township by its employees or under the general contract with a specific private hauler or haulers." Ordinance, Section Nine at 4; Reproduced Record (R.R.) at 33a. The Ordinance also provides that residents must contract with "a licensed refuse collector" where the Township fails to provide the service. Ordinance, Section Six at 3; R.R. at 32a.

On January 25, 1988, the Township entered into an agreement with the Bureau whereby the Bureau is designated as the collection agency for refuse fees assessed by the Township and for any delinquent charges. On August 2, 1988, four complaints were filed by the Bureau in the name of the

---

1. Appellees filed a notice of non-participation in the present appeal.

Commonwealth alleging the Appellees failed, neglected and refused to pay "for collection of solid waste by January 31, 1988, in the amount of $24.50 due and owing for period January 1988 to March 1988 and refusal to pay the same with interest and penalty." Criminal Complaint, July 29, 1988, at 1; R.R. at 4a–7a. The complaints also recite the amount of $2.45 as penalty and the amount of $6.00 costs/additional penalty. After docketing on August 9, 1988, the district justice dismissed the complaints prior to the issuance of process.

Appellant sought review by certiorari before the common pleas court asserting that the district justice lacked the authority or discretion to decline to issue process. The common pleas court affirmed, concluding that the district justice did not abuse his discretion and dismissed the complaints. On appeal to this Court we stated that "the record failed to provide any explanation for the dismissal of the complaints" and as a result "no meaningful review was possible." *Commonwealth v. Ash,* 134 Pa.Commonwealth Ct. 84, 88, 577 A.2d 242, 244 (1990). This Court reversed the common pleas court and remanded "with instructions to remand to the district justice who shall either identify the legal deficiencies of the complaints to permit a meaningful review by the trial court or issue process thereon." *Ash* at 88, 577 A.2d at 244.

Upon remand the district justice again refused to issue process and dismissed the complaints, determining that the complaints were not properly completed or executed, that two persons cannot be named as a defendant in one criminal complaint, that the criminal justice system cannot be used to collect a civil debt and that it was improper to compensate the Bureau for collecting delinquent charges with any fines and costs recovered. The common pleas court sustained the district justice, concluding that the complaints are not an attempt to impose a fine prescribed by the Ordinance, but instead are an attempt to impose a penalty which resulted from the debt due the municipality, more properly pursued civilly.

Appellant contends that the common pleas court erred as a matter of law by determining that the four criminal complaints

were filed to collect a civil debt, that the common pleas court either lacked or abused its discretion in dismissing the criminal complaints, and that the Township has the authority to enact an ordinance governing the disposal of solid waste.

Pa.R.Crim.P. 66 provides that upon the filing of a complaint, the issuing authority shall decide whether to issue process. Pa.R.Crim.P. 134(a) provides:

(a) In any proceeding initiated by complaint, the issuing authority shall ascertain and certify on the complaint that:

(1) The complaint has been properly completed and executed;

(2) There is probable cause for the issuance of process, in the form of an affidavit; and

(3) When prior submission to an attorney for the Commonwealth is required, that an attorney has approved the complaint.

(b) Upon ascertaining the above matters, the issuing authority shall:

(1) Accept the complaint for filing; and

(2) Issue a summons or warrant of arrest as the case may be.

▮ Appellant contends that the common pleas court erred by concluding that the complaints were filed to collect a civil debt owed to the municipality for failure to pay refuse collection charges. The complaints are criminal complaints. There is no support of record for the path blazed by the district justice and followed by the common pleas court. We agree with Appellant.

Next, we must determine if there is any authority for the Township to proceed in the manner it did. Express statutory authority for the Township to enact such an Ordinance is found in Section 702 of The Second Class Township Code (Code).[2] Section 702 of the Code, 53 P.S. § 65708 provides:

To regulate or prohibit the dumping or otherwise depositing of ashes, garbage, rubbish and other refuse materials within the township. To prohibit accumulation of ashes, garbage,

2. Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. § 65708.

rubbish and other refuse materials upon private property, including the imposition and collection of reasonable fees and charges for the collection, removal and disposal thereof. They shall also have power to—

(1) Collect, remove and dispose of or to provide, by contract or otherwise, for the collection, removal and disposal . . . of ashes, garbage, and other refuse materials and to prescribe penalties for the enforcement thereof.

Section Seventeen of the Ordinance provides:

Fine for Violation of Ordinance

Whoever violates any provision of this ordinance or any order, requirement, rule or regulation of the Board of Supervisors issued hereunder shall, upon conviction thereof, be fined not less than twenty-five ($25.00) dollars nor more than three hundred ($300.00) dollars and costs of Court proceeding and, in default of payment thereof, shall be imprisoned for not more than thirty (30) days.

Each day a person continues to violate the provisions of this ordinance or fails to comply with any order of the Board of Supervisors or rule or regulation issued hereunder shall constitute a separate offense.

The Township's authority to implement the coercive sanctions of Section Seventeen of the Ordinance is also found in Section 702 of the Code. Section 702 of the Code, 53 P.S. § 65741 provides:

The board of supervisors may prescribe fines and penalties not exceeding one thousand dollars for a violation of a[n] . . . ordinance . . . not exceeding six hundred dollars for a violation of any other township ordinance, which fines and penalties may be collected by suit or *summary proceeding* brought in the name of the township before any justice of the peace. Proceedings for the violation of township ordinances and for the collection of fines and penalties imposed thereby may be commenced by warrant, or by summons, at the discretion of the justice of the peace before whom the proceeding is begun. (Emphasis added.)

■ In the present controversy, the four complaints charge that Appellees failed to pay the amount of the collection charge, and also recite the amount of penalty and costs due as a result of the failure or neglect to pay the collection charges. The complaints inform Appellees of the charged violations of the Ordinance and the nature of the pending charges against them.[3] The complaints do not seek satisfaction of the underlying civil debt of $24.50 plus costs and penalties. Rather, criminal sanctions are sought for non-payment of the refuse collection service charges; such conduct is punishable by a fine of not less than twenty-five dollars nor more than three hundred dollars and costs[4] or imprisonment for not more than thirty days under Section Seventeen of the Ordinance. Even after conviction and payment of the fine and cost, Appellees would still be indebted for the refuse collection charge, interest and costs. Appellant has proceeded in an authorized and lawful fashion.

Although not addressed by the common pleas court, the district justice in dismissing the complaints also determined that a private agency lacks authority to file a criminal complaint for a municipality, that it is improper to name two individuals as defendants on a single complaint and that the agreed compensation between the Bureau and the Township is improper. We shall deal with the district justice's determinations seriatim.

■ In regard to the district justice's unsubstantiated conclusion that there is no authority for the Bureau to file a criminal complaint as agent for the Township is inconsistent with Section 516(e) of the Code, 53 P.S. § 65516(e)[5] and

3. Pa.R.Crim.P. 53(a)(6) provides that every citation shall contain "a citation of the specific section and subsection of the ... ordinance allegedly violated, together with a summary of the facts sufficient to advise the defendant of the nature of the offense charged."

4. "The cost to be charged by the minor judiciary ... where appropriate in every criminal case ... shall be as follows: (1) summary conviction, except motor vehicle cases—$23.50." 42 Pa.C.S. 1725.1(b).

5. Section 516(e) provides that the township supervisors shall:
   (e) Employ or hire such persons, as may be necessary for the general conduct of the business of the township, and provide for the organiza-

Section 702 of the Code, 53 P.S. § 65741. A second class township has the authority to hire the Bureau "for the general conduct of the business of the township" and pursuant to agreement may institute a summary proceeding "brought in the name of the township."[6]  Without any support on the record that the filing of the criminal complaint by the Bureau as the agent for the Township in the name of the Commonwealth was unauthorized we refuse to affirm the dismissal of the complaints.[7]

■  The district justice also "voiced reservations" about naming Leroy A. Ash and Nancy R. Ash on a single complaint. Section One(g) of the Ordinance defines the term "resident" as "[p]erson/persons, family . . . or individual . . . including, but not limited to, a tenant, lease-holder, renter, occupant, householder, inhabitant, or owner."  Section Six(c) of the Ordinance provides that where the Township contracts for collection services "the resident/residents will be responsible to pay the fee."  Although the complaint alleges a single violation of the Ordinance by two people, if there is any error it is one of form required to be raised by the Appellees.[8]  The district justice erred by sua sponte dismissing the Ash complaint and foreclosing any chance to amend.  If given leave, the complaint can easily be amended to name the Ashes as husband and wife and owners as tenants by the entireties, if appropriate.  Alternatively, one defendant may be dismissed to save the filed complaint and Appellant given the opportunity to proceed against the dismissed defendant by filing a new complaint (and

tion and supervision of the persons so employed, and work on the roads themselves when directed to do so by the board of supervisors.

**6.**  Sections 516(e) and 702 of the Code, 53 P.S. §§ 65516(e) and 65741.

**7.**  Pa.R.Crim.P. 5 provides that "[t]he Court Administrator of Pennsylvania, in consultation with the Criminal Procedural Rules Committee, shall design and publish forms necessary to implement these rules."

**8.**  Pa.R.Crim.P. 90 provides:
A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of this Chapter, unless the defendant raises the defect before the conclusion of the summary trial and the defect is prejudicial to the rights of the defendant.

increase the costs). We agree with Appellant that the district justice erred.

■ Lastly, the district justice determined that the compensation to be paid to the Bureau was improper. Section 702 of the Code, 53 P.S. § 65741 provides that "[a]ll fines and penalties collected for the violation of township ordinances shall be paid over to the township treasury." The agreement provides that the Bureau "retain all fines and cost of collection of charges recovered." [9] Agreement, January 25, 1988, Section 8 at 3; R.R. at 45a. The validity of the agreement was not before the district justice for review. The Bureau should not be prevented, as agent, from seeking to enforce the Ordinance.

Accordingly, we reverse the decision of the common pleas court and remand with instructions to remand to the district justice who is directed to issue process on the complaints naming Chester B. Keath, Cheryl A. Brink and Robert J. Brink and grant Appellant the opportunity to amend the complaint filed against Leroy R. Ash and Nancy R. Ash, if necessary.

## ORDER

AND NOW, this 4th day of February, 1993, the order of the Court of Common Pleas of Perry County at Nos. 88–749 through 88–752, dated June 5, 1992, is reversed, and this matter is remanded to the common pleas court with instructions to remand to the district justice who shall issue process in conformity with this opinion.

Jurisdiction relinquished.

---

9. The district justice's determination on this point indicates that he reviewed this agreement which is part of the official record and the reproduced record.