### COMMONWEALTH of Pennsylvania

v.

Richard CICCI, Appellant.

Commonwealth Court of Pennsylvania.

Argued April 13, 2015.

Decided June 5, 2015.

Stephen J. Taczak, Washington, for appellant.

Alan D. Benyak, Charleroi, for appellee Borough of Charleroi.

BEFORE: BERNARD L. McGINLEY, Judge, and PATRICIA A. McCULLOUGH, Judge, and ROCHELLE S. FRIEDMAN, Senior Judge.

OPINION BY Senior Judge ROCHELLE S. FRIEDMAN.

Richard Cicci appeals from the December 10, 2013, order of the Court of Common Pleas of Washington County (trial court) that found Cicci guilty of violating the Borough of Charleroi's (Borough) Ordinance No. 976 and concluded that Ordinance No. 976 does not violate The Borough Code (Code)[1] or the United States or Pennsylvania Constitutions. We affirm.

On April 29, 2002, the Borough enacted Ordinance No. 937, finding that an "[i]nadequate management of accelerated runoff of storm water ... overtaxes the carrying capacity of streams and storm sewers ... and threat[ens] public health and safety." (Ord. No. 937, § 1.1A.) That same day, the Borough adopted Resolution No. 2, authorizing the Borough to submit a loan application to the Pennsylvania Infrastructure Investment Authority (Pennvest) to secure financing for a storm water collection system. Thereafter, the Borough received $7,900,000 from Pennvest to develop and install a storm water collection system.

To repay the Pennvest loan, the Borough enacted Ordinance No. 976, "imposing an assessment for municipal improvements to the Borough by the construction and installation of a new storm water collection system and for related improvements...." (Ord. No. 976.) Pursuant to Ordinance No. 976, titled property owners in the Borough are assessed a monthly fee, which is due quarterly. (Ord. No. 976, §§ 5, 7.)

Cicci and his wife own two rental properties in the Borough located at 411 Meadow Avenue and 614 Fifth Street. On April 28, 2010, and May 5, 2010, the Borough Code Enforcement Officer issued Cicci

---

1. Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. §§ 45101–48501. The Code was modified in 2012 and then repealed and reenacted with an effective date of June 17, 2014. The new provisions are found at 8 Pa.C.S. §§ 101–3501.

four citations for violating Ordinance No. 976 by failing to pay storm water assessments for both properties.[2] Cicci contested the citations before a district justice, who convicted Cicci of the four summary offenses. (R., Item 7.)

Cicci appealed to the trial court, arguing that Ordinance No. 976 violated the Code and the United States and Pennsylvania Constitutions. The trial court declined to hear Cicci's constitutional arguments. In an April 21, 2011, order, the trial court found Cicci guilty of the summary offense of delinquent stormwater assessment and ordered Cicci to pay restitution and the costs of prosecution. (Trial Ct. Order, 4/21/11, at 1.)

Cicci appealed to this court, which concluded that the trial court erred in failing to address Cicci's constitutional arguments. *Commonwealth v. Cicci*, 2012 WL 8682077 (Pa.Cmwlth., No. 1324 C.D.2011, filed June 27, 2012). Therefore, we vacated the trial court's order and remanded to the trial court for further proceedings.

■ After remand, the trial court found Cicci guilty of violating Ordinance No. 976 and determined that the Borough was authorized to enforce Ordinance No. 976 through a summary proceeding and that such enforcement did not violate the Code or the United States or Pennsylvania Constitutions. (Trial Ct. Op., 12/10/13, at 1, 4.) This appeal followed.[3]

Cicci initially argues that the Borough's enforcement of Ordinance No. 976 violates the Code. Section 9 of Ordinance No. 976, provides that a property owner "who fails to pay the assessment . . . shall be guilty of a summary offense and shall be subject to a fine." Cicci argues, however, that the Borough could not commence summary proceedings to collect the assessment because the Code requires the filing of a lien.

■ Cicci contends that at the time of his conviction, former section 2102 of the Code, 53 P.S. § 47102, was in effect, which stated that "[c]laims to secure the assessments shall be entered in the prothonotary's office of the county at the same time and in the same form and shall be collected in the same manner as municipal claims are filed and collected. . . ." According to Cicci, the filing of a lien is the only method for collecting an unpaid assessment. We disagree.

Former section 3301 of the Code, 53 P.S. § 48301, also in effect at the time of Cicci's ordinance violation, specifically stated that "[a]ny violation or failure to comply with any provisions of any borough ordinance shall constitute a summary offense and prosecution for every such offense shall be according to the practice in the case of summary convictions. . . ." Here, because Cicci violated Ordinance No. 976, the Borough properly issued summary citations.

Moreover, the current Code provisions provide for summary proceedings to enforce ordinances regulating health and public safety.[4] Specifically, section 3321(b)(2) of the Code, 8 Pa.C.S.

---

2. Each citation imposes $300.00 in fines, $67.00 in costs, and $82.50 in restitution, totaling $449.50.

3. This court's review of a trial court's summary conviction is limited to determining whether an error of law was committed, or whether the trial court's findings of fact are supported by substantial evidence. *Commonwealth v. Snyder*, 688 A.2d 230, 231 n. 3 (Pa.Cmwlth.1996).

4. The historical and statutory notes to 8 Pa. C.S. § 1202 provide that "[t]he addition of 8 Pa.C.S. Pt. I is a continuation of the act of February 1, 1966 (1965 P.L. 1656, No. 581), known as The Borough Code. . . . The Borough Code shall continue and remain in full force and effect and may be completed under 8 Pa.C.S. Pt. I."

§ 3321(b)(2), provides that "[f]or an ordinance regulating building, housing, property maintenance, health, fire, public safety . . . enforcement shall be by a criminal action in the same manner provided for the enforcement of summary offenses under the Pennsylvania Rules of Criminal Procedure."[5] Cicci argues that Ordinance No. 976 does not relate to health and public safety and, even if it did, enforcement via a summary offense is in conflict with other provisions, which require the filing of a lien.

We agree with the Borough that Ordinance No. 976 regulates health and public safety. Ordinance No. 976 specifically references Ordinance No. 937 and the findings and purposes therein. (Ord. No. 976, § 1.) Ordinance No. 937 provides that "[a] comprehensive storm water management program . . . is fundamental to the public health, safety and welfare and the protection of the people of the BOROUGH. . . ." (Ord. No. 937, § 1.1B.)

Because storm water management "is a health, safety[,] and welfare issue, the Borough was permitted to penalize any residential property owners for refusing to comply with the terms of the Ordinance." *Borough of Walnutport v. Dennis*, 114 A.3d 11, 25 (Pa.Cmwlth.2015) (concluding that where an ordinance required residents to pay for garbage collection and a resident failed to do so, the borough properly commenced summary proceedings seeking restitution and fines because fail-

ure to comply with the ordinance impacted health, safety, and welfare); *see also Commonwealth v. Keath*, 153 Pa.Cmwlth. 243, 620 A.2d 705, 707–08 (1993) (where a resident did not contract with the township for solid waste removal as required by the ordinance, the township properly commenced summary proceedings). Furthermore, "[t]he fact that other methods of enforcement were available to the Borough did not negate the Borough's right to issue a non-traffic summary citation." *Borough of Walnutport*, 114 A.3d at 25. Thus, in this case, although the Borough was authorized to file a lien against Cicci's property, the Borough was also authorized to institute summary proceedings against Cicci.

■ Cicci also argues that former section 2101 of the Code, 53 P.S. § 47101, in effect at the time Cicci failed to pay his assessment, required that when a borough incurs debt and imposes assessments, the borough must set forth how long the assessment will be collected.[6] Cicci claims that the Borough failed to specify the length of the assessment and, in doing so, ensured a windfall to the Borough. We disagree.

The trial court correctly determined that Ordinance No. 976's failure to specifically state when the assessment will terminate does not invalidate the ordinance. "If after the project is paid for by the assessment and the [B]orough continues to collect the assessment, [Cicci] may seek re-

---

5. As explained in the Comments to 8 Pa.C.S. § 3321:

This new section is based on section 1601(c.1) of the Second Class Township Code [Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§ 65101–68701], and, therefore, enforcement of ordinances is now bifurcated with violations for certain ordinances to be enforced civilly (clause (1)) and others to be enforced as summary offenses (clause (2)). (Previously, any viola-

tion or failure to comply with any provision of any borough ordinance constituted a summary offense. See old section 3301 of the Borough Code).

6. Former section 2101 of the Code stated that "[e]very such ordinance shall specify the length of time over which such instalments may be extended and whether payments are to be made by annual or more frequent instalments." 53 P.S. § 47101.

dress against the [B]orough to cease the collection." (Trial Ct. Op., 12/10/13, at 4 n. 11.)

Finally, Cicci alleges that the enforcement provisions of Ordinance No. 976 violate the United States and Pennsylvania Constitutions. Cicci argues that it is unconstitutional for a debtor to be imprisoned for not paying a debt. Here, however, nothing in Ordinance No. 976 requires a prison term for failure to pay the assessment.

In this case, the Borough correctly enforced Ordinance No. 976 through a summary proceeding. Accordingly, we affirm.

### ORDER

AND NOW, this *5th* day of *June,* 2015, we hereby affirm the December 10, 2013, order of the Court of Common Pleas of Washington County.